## PEOPLE *v.* KILEY.

1. RECEIVING STOLEN PROPERTY—EVIDENCE—IDENTIFICATION OF PROPERTY.

    In a prosecution for receiving a quantity of scrap brass knowing it to have been stolen, evidence that the brass and a horse and wagon were taken at the same time; that the wagon, when afterwards found, had a broken axle; that respondent was seen on the road near by with a broken-down wagon laden

with heavy material; that an expressman was employed, who conveyed the contents of the wagon, which proved to be scrap brass, to a certain place, where it was sold by respondent,—is sufficient to go to the jury upon the question of the identity of the property sold with that stolen.

2. SAME—INSTRUCTIONS TO JURY.

It is error, however, to instruct the jury in such case that, if respondent is the man who had charge of the brass, and the man who sold it, the identification of the property is sufficiently proved.

Error to Wayne; Lillibridge, J. Submitted November 21, 1895. Decided December 10, 1895.

David Kiley was convicted of receiving stolen property, and sentenced to imprisonment in the Detroit house of correction for two years. Judgment reversed.

*James V. D. Willcox* and *George W. Coomer*, for appellant.

*Allan H. Frazer*, Prosecuting Attorney, and *Henry A. Mandell*, Assistant Prosecuting Attorney, for the people.

McGRATH, C. J. Respondent was convicted of knowingly receiving stolen property. A quantity of brass was taken from the Eureka Iron Works, at Wyandotte, in the latter part of August. The testimony tended to show that the amount taken was 1,700 pounds of new brass, made up into new bearings, and 1,300 pounds of scrap or old journals; that a horse and light buggy wagon were taken from another resident of Wyandotte; that the horse was afterwards discovered at Delray, a place on the road between Wyandotte and Detroit, and near the latter place, and the wagon was found in Wyandotte, with a broken axle; that respondent, with two other persons, was seen with a broken-down wagon laden with heavy materials, near Delray; that an expressman from Detroit was employed, who brought the brass to Detroit, and to Applebaum's scrap yard; that the materials transferred to the expressman's wagon consisted of scrap brass or old jour-

nals; that the brass was bought by Applebaum, and weighed 800 pounds. Applebaum and one Goldman, in the former's employ, identified defendant as the man from whom the brass was bought, and testified that he gave his name as Wilson; that he was paid by check; and, when the check was made to the order of the name given, respondent requested it changed, and made payable to bearer. Applebaum sold the brass, and it was melted up, so that identification of that bought with that stolen, by the ordinary means, was impossible.

The court was right in refusing to take the case from the jury on the ground that there was not sufficient evidence of identification of the property sold with that stolen; but the court erred in instructing the jury that: "If you believe the testimony that this defendant is the man who was in charge of the brass on the river Rouge, and the man who sold it to Applebaum, then I charge you the identification of the property is sufficiently proven; that the property sold was the property stolen from the Eureka Iron Works." A finding that the property transferred to the expressman's wagon was the stolen property depended upon inferences to be drawn from all the facts and circumstances, and that inference was for the jury.

The conviction must be set aside, and a new trial granted.

The other Justices concurred.