PEOPLE *v.* MARTINOVICH

PEOPLE *v.* WOLAK

1. RECEIVING STOLEN GOODS—CRIMINAL LAW—PRELIMINARY EXAM-
   INATION—ELEMENTS OF CRIME—EVIDENCE.

   Evidence produced at defendants' preliminary examination on
   a charge of receiving and concealing stolen property must
   show that the property was stolen, the value of the property,
   the receiving, possession, or concealment of such property
   by defendants with the knowledge that the property had
   been stolen, the identity of the property as being that
   previously stolen, and the guilty constructive or actual
   knowledge of defendants that the property received or
   concealed had been stolen before defendants can be bound
   over for trial (CLS 1961, § 750.535).

2. CRIMINAL LAW—PRELIMINARY EXAMINATION—EVIDENCE—SUFFI-
   CIENCY TO BIND OVER FOR TRIAL.

   Proof positive of guilt is not required at a preliminary examina-
   tion in order to bind defendant over for trial; a showing
   that a certain crime had been committed and that there is
   probable cause to believe that the defendant committed it
   is sufficient.

3. RECEIVING STOLEN GOODS—CRIMINAL LAW—PRELIMINARY EXAM-
   INATION—EVIDENCE—SUFFICIENCY TO BIND OVER FOR TRIAL—
   IDENTITY OF GOODS.

   The identity of the exact goods seized from defendants who
   are accused of receiving and concealing stolen property must

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  45 Am Jur, Receiving Stolen Property § 2 *et seq.*
[2–4] 21 Am Jur 2d, Criminal Law § 449.
[5]  5 Am Jur 2d, Appeal and Error § 839 *et seq.*

be proven to be the same as the goods alleged to have been stolen before defendants can be bound over for trial; probable cause to believe that the goods were those stolen is not sufficient (CLS 1961, § 750.535).

4. RECEIVING STOLEN GOODS—CRIMINAL LAW—PRELIMINARY EXAMINATION—EVIDENCE—SUFFICIENCY TO BIND OVER FOR TRIAL—IDENTITY OF GOODS.

Testimony by a person who had certain machinery stolen from him that he was not positive that serial numbers furnished to the police actually corresponded to those on the equipment stolen, and that upon being summoned by the police he identified certain property as belonging to him, where no particular items seized from defendants were shown at their examination on a charge of receiving and concealing stolen property and none of these particular items were identified by the complaining witness at defendants' examination as having been his and having been stolen, was not sufficient identification of the goods in question to warrant binding over defendants for trial on a charge of receiving and concealing stolen property, and their motion to suppress the evidence and quash the information should have been granted (CLS 1961, § 750.535).

5. CRIMINAL LAW—NONJURY TRIAL—JUDGMENT—FINDINGS OF FACT—COURT RULE.

A court trying a criminal case without a jury should in rendering judgment make sufficient findings of fact so that if review of its decision is required, the appellate court will know the precise reasons for the trial court's decision (GCR 1963, 517.1, 785.1).

Appeal from Recorder's Court of Detroit, James L. Ryan, J., presiding. Submitted Division 2 April 11, 1969, at Detroit. (Docket Nos. 5,374, 5,894.) Decided June 26, 1969.

Thomas F. Martinovich and Walter M. Wolak were accused of receiving and concealing stolen property. Defendants' motion to suppress evidence and quash the complaint and information was denied, and defendants were convicted. Defendants appeal. Judgment vacated and motion to quash granted.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Carl Levin* (Defenders Office—Legal Aid and Defender Association of Detroit), for defendant Thomas F. Martinovich on appeal.

*Nick Arvan,* for defendant Walter M. Wolak.

Before: LESINSKI, C. J., and FITZGERALD and V. J. BRENNAN, JJ.

FITZGERALD, J. These two defendants were tried and convicted of receiving and concealing stolen property[1] by the Recorder's court of the city of Detroit. They question here, as they did at the trial by a motion to suppress the evidence and quash the complaint and information,[2] the sufficiency of the evidence presented at their preliminary examination, alleging that since some elements of that crime were not adequately shown by the People, they should not have been held on the charge.

The following testimony was given and constituted the total evidence presented to the examining magistrate:

A warrant on a charge unrelated to this case was in existence for the arrest of defendant Martinovich. His car, parked in an alley, was being watched by Patrolman Fraser when three men approached the car, two of them then entering a nearby building. Shortly thereafter, another car arrived being driven

---

[1] CLS 1961, § 750.535 (Stat Ann 1969 Cum Supp § 28.803).
[2] CL 1948, §§ 767.74, 767.76 (Stat Ann 1954 Rev §§ 28.1014, 28.1016).

by one of the men, whereupon the other two men, plus a Mr. Gordon, appeared from the building and the trunk of the car was opened. Detective Bezian, observing large pieces of machinery in the trunk, approached the car, having been watching it from another location. Defendant Wolak disputably slammed the trunk shut. Defendant Martinovich was immediately arrested. Defendant Wolak then stated that the car was his. The trunk and car were then searched, and defendant Wolak was arrested for possession of burglar's tools, which the officers believed was the intended use of the machinery. Both defendants here, plus defendant Whalen who was later acquitted, were charged with receiving and concealing stolen property in excess of $100 and defendant Wolak was also charged with possession of burglar's tools (this charge later being dropped).

The complaining witness testified that several of his drill presses had been stolen in late March, 1967, two weeks before the arrest of the defendants, the value of all the stolen presses being $1,000. He gave the serial numbers to the Roseville police, but he was not positive if all those numbers actually corresponded to the drills actually stolen. He then testified that after the robbery he was summoned by the Detroit police and that he identified some property as being his. No particular items found in the trunk were shown at the examination or identified by the complaining witness at the examination as being his and having been stolen.

On the basis of this evidence, the defendants were bound over for trial. Their subsequent motion to suppress the evidence and to quash the complaint and the information was heard at the outset of their trial and was denied. Among other issues on this appeal, they raise the apparent question: was this

testimony at the preliminary examination sufficient to create probable cause to believe that the defendants committed the crime of receiving and concealing stolen property?

The elements of the crime, which must be found in the evidence adduced at the preliminary examination,[3] are: 1) that the property was stolen; 2) the value of the property; 3) the receiving, possession or concealment of such property by the defendant with the knowledge of the defendant that the property had been stolen; 4) the identity of the property as being that previously stolen; and 5) the guilty constructive or actual knowledge of the defendants that the property received or concealed had been stolen.[4]

We find that the people failed in some way to show any of the elements of this crime. The burden is theirs at the preliminary examination to show that a certain crime had been committed and that there was probable cause to believe that the defendant did it.[5] Proof positive of guilt is not required.[6] We are also reluctant to find an abuse of discretion by an examining magistrate, given his wide discretion in finding probable cause.[7]

However, justice mandates that we do remand this case and grant defendants' motion to quash the information. The identity of the exact goods seized from the trunk must be proven to be the same as the goods alleged to have been stolen. Probable cause to believe that the goods were those stolen is not enough. Proof that the goods found in defendants'

---

[3] CL 1948, § 766.4 (Stat Ann 1954 Rev § 28.922). *People* v. *Kennedy* (1968), 9 Mich App 346; *People* v. *Asta* (1953), 337 Mich 590.

[4] 4 Gillespie, Michigan Criminal Law & Procedure (2d ed) § 2269, et seq.; *People* v. *Tantenella* (1920), 212 Mich 614.

[5] *People* v. *Bean* (1967), 7 Mich App 402.

[6] *People* v. *Zaleski* (1965), 375 Mich 71.

[7] *People* v. *O'Leary* (1967), 6 Mich App 115.

possession were the same as the goods alleged to have been stolen must be introduced to supply a basis for the findings of probable cause required of the magistrate at the preliminary examination. Failure to provide this proof effectively deprives the trial court of jurisdiction to bind the defendants over for trial as the preliminary examination findings are tainted and insufficient.[8] To require this question to be positively answered by the people does not bear in any way on the proofs of alleged fact and guilt to be later evaluated by the jury. If the actual goods seized were not shown conclusively to have been stolen by somebody at sometime, then the more particular questions based on the remaining elements concerning defendants' innocence or guilt of the crime charged are irrelevant.

The magistrate could not have known from the testimony that the machinery seized was the machinery stolen. In other cases comparing identity of goods stolen with goods found in the possession of the defendant, the witness was examined and testified much more thoroughly as to the connection.[9] Some of those witnesses admittedly were testifying at the trial where a jury could evaluate their testimony,[10] but the lack of any such testimony at the preliminary examination undermines the necessary foundation upon which both probable cause and guilt must be based.

In remanding this cause with directions to grant the motion to quash the information,[11] we trust that two additional issues here raised, *sua sponte,* will be resolved. The people should present evidence at the preliminary examination which will tend to show

---

[8] *People* v. *Asta, supra; People* v. *Hall* (1965), 375 Mich 187.

[9] *People* v. *Montague* (1888), 71 Mich 318; *People* v. *Oblaser* (1895), 104 Mich 579; *Cole* v. *People* (1877), 37 Mich 544; *People* v. *Maloney* (1897), 113 Mich 536.

[10] *People* v. *Kiley* (1895), 107 Mich 345.

[11] *People* v. *Hall, supra; People* v. *Asta, supra.*

that the defendants knew the machinery was stolen when they possessed, received, or concealed it.[12] Also, the trial court will be expected to make findings of fact so that if review of its decision is required, we will know the precise reasons for the decision.[13]

Judgment vacated and case remanded with direction to grant the motion to quash.

All concurred.

---

12 *People* v. *Lintz* (1918), 203 Mich 683.
13 GCR 1963, 517.1; 785.1; *Welsh Co. of California* v. *Strolee of California, Inc.*, (CA9, 1961), 290 F2d 509.