PEOPLE v. JAMES WALKER

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted Division 1 June 9, 1970, at Detroit. (Docket No. 8,520.) Decided July 2, 1970.

James Walker was convicted of receiving and concealing stolen property over the value of $100. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Charles Burke,* for defendant on appeal.

Before: HOLBROOK, P. J., and R. B. BURNS and O'HARA,* JJ.

PER CURIAM. Defendant was convicted by a jury of receiving and concealing stolen property over the value of $100, contrary to MCLA § 750.535 (Stat Ann 1970 Cum Supp § 28.803); he was sentenced and he appeals.

Testimony at trial shows that on March 28, 1969, at about 9:15 p.m., defendant was stopped by three

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

police officers while being a passenger in a car which had stolen property in the trunk.

The driver testified at trial that he purchased the property in an alley shortly before picking the defendant up outside of a bar and that the defendant knew nothing of the stolen property in the trunk.

The arresting officers testified, and one of them stated that he first observed the car in question coming on Mack Avenue from Rolfs Place, about one block from 3880 Rolfs Street where a breaking and entering took place and the property in question was originally stolen. The officers testified that they noticed a stereo or television in its trunk. The trunk was open, and the trunk lid was pounding up and down on the stereo.

The officers followed the automobile as it turned off Mack Avenue, south on Crane, at which time it accelerated to 35 to 40 miles per hour in a 25-mile speed zone. As the vehicle was approached to be stopped, the defendant was seen sitting in the right front seat, bending over and reaching underneath the front seat of the car. Later a pry bar was found directly below where defendant was sitting.

On this record, defendant argues that the prosecution has failed to negate every reasonable theory consistent with defendant's innocence, citing in support *People* v. *Johnson* (1966), 4 Mich App 205. Thus, the evidence was insufficient to justify the guilty verdict.

The argument is valid, if the jury believed the driver of the car. The verdict establishes the fact that the jury did not believe the witness, and credibility is a jury question. *People* v. *Bradford* (1968), 10 Mich App 696. The record contains ample evidence, if believed by the jury, to establish guilt beyond a reasonable doubt.

Affirmed.