## PEOPLE v KESHISHIAN

1. CRIMINAL LAW—PRELIMINARY EXAMINATION—SUFFICIENCY OF EVIDENCE—PRESERVING QUESTION—MOTION TO QUASH.

    A defendant who was convicted of receiving or aiding in the concealment of stolen property and who claims on appeal that there was insufficient evidence at the preliminary hearing to establish probable cause that he had knowledge that the property in question was stolen must have filed a motion to quash the information prior to arraignment on the information or prior to the impaneling of a jury in order to preserve the issue for appellate review (MCLA 750.535).

2. RECEIVING STOLEN GOODS—ELEMENTS OF CRIME.

    The elements of the crime of receiving or aiding in the concealment of stolen property are: (1) the property was stolen, (2) the receiving of the property by the defendant, (3) the identity of the goods as those previously stolen, (4) the value of the property and (5) the guilty knowledge of the defendant (MCLA 750.535).

3. RECEIVING STOLEN GOODS—GUILTY KNOWLEDGE—EVIDENCE.

    In a charge of receiving or aiding in the concealment of stolen property, the evidence of the accused's guilty knowledge at the time he received the stolen property, or aided in its concealment, is generally to be collected from all the various circumstances of the case; and guilty knowledge means not only actual knowledge, but constructive knowledge, through notice of facts and circumstances from which guilty knowledge may fairly be inferred (MCLA 750.535).

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 163, 164.

[2, 3] 66 Am Jur 2d, Receiving and Transporting Stolen Property §§ 3–10.

Knowledge imputed to reasonable man as test of knowledge of defendant in prosecution for larceny or receiving stolen property, 147 ALR 1058.

[4] 53 Am Jur, Trial §§ 340, 348, 350, 362, 394.

4. CRIMINAL LAW—DIRECTED VERDICT—EVIDENCE—REASONABLE IN-
    FERENCES.
    The question to be decided on a motion for directed verdict of not
    guilty is whether there is evidence from which the jury can
    reasonably infer all the elements of the crime charged.

Appeal from Macomb, Howard R. Carroll, J. Submitted Division 2 January 8, 1973, at Lansing. (Docket No. 12733.) Decided February 21, 1973.

Mike Keshishian was convicted of receiving or aiding in the concealment of stolen property. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Don L. Milbourn,* Assistant Prosecuting Attorney, for the people.

*Metry, Metry, Sanom, Ashare & Goldman,* for defendant on appeal.

Before: BRONSON, P. J., and McGREGOR and DAN-HOF, JJ.

DANHOF, J. Defendant was tried and convicted by a jury of receiving or aiding in the concealment of stolen property. MCLA 750.535; MSA 28.803. He appeals and we affirm.

Defendant claims that at the preliminary hearing there was insufficient evidence to establish probable cause that the defendant had knowledge that the Lincoln automobile was stolen. Defendant did not file a motion to quash the information prior to arraignment on the information, or prior to the impaneling of a jury in the circuit court. Thus, this matter has not been preserved for appellate review. *People v Dobine,* 371 Mich 593

(1963), *People v Davis,* 171 Mich 241 (1912), *Barnard v Judge of Superior Court of Grand Rapids,* 199 Mich 227 (1917).

The only meritorious issue is whether defendant's motion for directed verdict made at the close of the prosecution's proofs should have been granted.

The elements of this offense are as follows: (1) the property was stolen, (2) the receiving of the property by the defendant, (3) the identity of the goods as those previously stolen, (4) the value of the property, and (5) the guilty knowledge of the defendant. *People v Tantenella,* 212 Mich 614 (1920), *People v Martinovich,* 18 Mich App 253 (1969). Defendant concedes the existence of facts to prove items (1) through (4) but claims the evidence is insufficient to prove item (5).

In *People v White,* 22 Mich App 65, 68 (1970) this Court said:

"In *People v Tantenella, [supra],* the Court held that the evidence of the accused's guilty knowledge at the time he received the stolen property, or aided in its concealment, is generally to be collected from all the various circumstances of the case."

In *People v Tantenella, supra,* p 621, the Supreme Court said:

"Guilty knowledge means not only actual knowledge, but constructive knowledge, through notice of facts and circumstances from which guilty knowledge may fairly be inferred."

The question to be decided on a motion for directed verdict of not guilty is whether there is evidence from which the jury can reasonably infer all the elements of the crime charged. *People v Compton,* 23 Mich App 42 (1970). From examina-

tion of the transcript and evidence produced at the trial, we conclude that the motion for directed verdict was properly denied.

Defendant renewed his motion for judgment notwithstanding the verdict after the jury had returned the verdict of guilty. We conclude that the defendant's guilt or innocence was one of fact for determination by the jury under proper instructions. No objection was made to the instructions, and there was sufficient evidence presented, if believed, for the jury to return the verdict of guilty.

Affirmed.

All concurred