PEOPLE v LAUZON

Docket No. 77-784. Submitted March 7, 1978, at Grand Rapids.—
Decided June 19, 1978.

Wade Lauzon was convicted in Bay Circuit Court, Leon R. Dar-
das, J., of receiving and concealing stolen property which
exceeded the value of $100. At sentencing, the judge considered
certain inaccurate information. Defendant appeals raising sev-
eral issues. *Held:*

1. While it was error to allow the prosecutor to impeach his
own witness on a collateral matter, the error was harmless
where it was not so offensive to the maintenance of a sound
judicial process that it cannot be considered harmless and
where the Court of Appeals can declare a belief that the error
was harmless beyond a reasonable doubt.

2. Mere possession of stolen property is, in itself, insufficient
to show guilty knowledge that the goods in question had been
previously stolen, but the circumstances accompanying posses-
sion may justify the inference of guilty knowledge.

3. Due process entitles a defendant to a resentencing where
the sentencing judge considered inaccurate information.

Affirmed but remanded for resentencing.

M. F. Cavanagh, P. J., concurred separately to express his
dissatisfaction with the language of the criminal jury instruc-
tion regarding the inference of guilty knowledge from the fact
of possession of stolen goods.

Opinion of the Court

1. Witnesses—Evidence—Criminal Law—Impeachment—Collat-
eral Matters.
A party who raises a collateral matter during examination of a

References for Points in Headnotes

[1] 81 Am Jur 2d, Witnesses §§ 434, 612, 613.
[2] 5 Am Jur 2d, Appeal and Error §§ 797, 803.
    81 Am Jur 2d, Witnesses § 433.
[3] 66 Am Jur 2d, Receiving and Transporting Stolen Property §§ 3, 9.
[4] 21 Am Jur 2d, Criminal Law §§ 569, 571.
[5] 66 Am Jur 2d, Receiving and Transporting Stolen Property §§ 9,
    32, 33.

witness is bound by the answer of the witness; thus, it was error to allow a prosecutor to introduce impeachment evidence of a conversation between the defendant and a third party after the third party who was the people's witness testified that he could not recall such a conversation with the defendant.

2. APPEAL AND ERROR—HARMLESS ERROR.

Error in the admission of testimony is harmless: (1) where it is not so offensive to the maintenance of a sound judicial process that it can never be regarded as harmless; and (2) where, on review, the reviewing court can declare a belief that the error was harmless beyond a reasonable doubt.

3. RECEIVING STOLEN GOODS—MENS REA—KNOWLEDGE—EVIDENCE OF GUILTY KNOWLEDGE.

Guilty knowledge that the goods were previously stolen is an element of the crime of receiving stolen goods, but such guilty knowledge may be actual or constructive; mere possession of stolen property is insufficient in itself to show guilty knowledge, but the circumstances accompanying the possession may justify the inference of guilty knowledge.

4. CRIMINAL LAW—SENTENCING—DUE PROCESS—SENTENCE BASED ON MISINFORMATION.

Due process of law requires a defendant be resentenced where his sentence is based on inaccurate information placed before the court.

CONCURRENCE BY M. F. CAVANAGH, P. J.

5. RECEIVING STOLEN GOODS—CRIMINAL LAW—MENS REA—INSTRUCTIONS TO JURY.

The criminal jury instruction on receiving stolen goods which instructs the jury that the fact that the property was stolen and that the defendant was in exclusive and conscious possession of the property are "facts [which], if not explained, are ordinarily circumstances from which you may reasonably infer that the defendant had knowledge that the property was stolen" is confusing, comes dangerously close to indicating that knowledge can be inferred from mere possession, and can be read as shifting the burden of proof and as impinging upon a defendant's right to remain silent; the language of the instruction is unsatisfactory (CJI 26:1:04).

*Frank J. Kelley*, Attorney General, *Robert A.*

*Derengoski,* Solicitor General, and *Eugene C. Pen-zien,* Prosecuting Attorney, for the people.

*Dominick J. Sorise,* Assistant State Appellate Defender, for defendant on appeal.

Before: M. F. CAVANAGH, P. J., and D. E. HOL-BROOK and BEASLEY, JJ.

D. E. HOLBROOK, J. On August 6, 1976, defendant was found guilty by a jury of receiving or concealing stolen property which exceeded the value of $100, contrary to MCL 750.535; MSA 28.803. On November 29, 1976, defendant was sentenced from two and one-half to five years in prison. Defendant appeals as of right.

A review of the lower court records, including the transcript, discloses the facts of the instant case to be as follows:

On July 1, 1975, Ronald VanTol discovered that the screen on his bathroom window had been removed and several items were missing from his home. He identified prosecution exhibits 1 and 2 as the stereo speakers which were stolen from his home. Mrs. VanTol corroborated her husband's testimony.

In early August of 1975, Patrick Wilson discovered that his stereo was missing. He identified prosecution exhibit 3 as the stereo component taken from his home.

Donald Sylvester testified that he purchased prosecution exhibits 1, 2 and 3 from defendant. Sylvester was told by defendant that the stereo system would cost him $150. Sylvester received the stereo and made two $20 payments to defendant before the police confiscated the stereo system.

Detective Haustein testified that he found the stereo components, exhibits 1, 2 and 3, in the

vicinity of Sylvester's girlfriend's home. The detective contacted defendant and put him into a police car in which the stereo system was located. Responding to questions posed by the detective, defendant stated that he knew the stereo system was stolen when he sold it to Sylvester. He told the detective that he had gotten the stereo from two men.

The defendant did not take the stand and rested on the presumption of innocence.

The first issue raised on appeal is whether the defendant is denied a fair trial, in a case where the defendant is charged with receiving and concealing stolen property, when the trial judge permitted the prosecution to show that a witness told a police officer that the defendant said he was "going to rip off a house that had a lot of guns".

At trial, the prosecutor established that guns had been taken in both the VanTol and Wilson burglaries. During the prosecutor's questioning of Sylvester, Sylvester was asked whether the defendant made any statements about guns or a breaking and entering. Sylvester said, "No". The prosecutor then attempted to contradict this by suggesting that Sylvester told Detective Haustein that defendant said something about guns and a breaking and entering. Sylvester testified that he could not remember making any such statement to the detective.

Subsequently, Detective Haustein testified that Sylvester said that defendant said, that he was "going to rip off a house that had a lot of guns in it". The trial judge ruled that the detective's testimony had some indication, however remote, of guilty knowledge. We hold that the admission of this testimony in evidence was error.

The theft of the guns was collateral to the

charge of receiving and concealing the stolen stereo system and involved another criminal offense. Subject to certain exceptions not applicable to the instant case, evidence of other crimes is inadmissible in a unitary criminal prosecution. *People v Pinkerton,* 79 Mich 110; 44 NW 180 (1889). A party who raises a collateral matter during examination of a witness is bound by the answer of the witness. *People v Williams,* 159 Mich 518, 521; 124 NW 555 (1910), *People v Ellerhorst,* 12 Mich App 661, 671; 163 NW2d 465 (1968). Here, the prosecutor tried to impeach its own witness after that witness testified that he could not recall a conversation with the defendant regarding stolen guns.

Although the trial court committed error in admitting the testimony, we must determine whether or not the error was harmless. Where it is claimed that error is harmless, two inquiries are pertinent. First, is the error so offensive to the maintenance of a sound judicial process that it never can be regarded as harmless? Second, if not so basic, can we declare a belief that the error was harmless beyond a reasonable doubt? *People v Wichman,* 15 Mich App 110, 116; 166 NW2d 298 (1968).

First, we do not feel that the error was so offensive to the maintenance of a sound judicial system that it cannot be regarded as harmless. The prosecutor did not deliberately inject this statement into the case relying on the harmless error rule. The prosecutor in good faith was attempting to impeach his witness for what he thought was a legitimate purpose.

Second, the error was harmless beyond a reasonable doubt. The evidence against the defendant was overwhelming. The defendant admitted to the

detective that he knew the stereo was stolen.
Sylvester testified that when he told defendant
that he was looking for a stereo, the defendant
stated that he could get one for him. Shortly
thereafter, the defendant sold a stereo system to
Sylvester for $150 and Sylvester then made two
$20 payments to defendant towards the price.
Additionally, the stereo system defendant sold
Sylvester was identified as having been stolen
from the homes of VanTol and Wilson. Thus, the
error in the instant case was harmless and does
not require reversal.

The next issue raised on appeal is whether the
trial court erred in instructing the jury that they
might infer knowledge by defendant that property
was stolen from defendant's possession of stolen
property.

The trial court in its instructions to the jury
instructed as follows:

"It's up to you to determine beyond a reasonable
doubt if the defendant was in exclusive and conscious
possession of the property in question here or aided in
the concealment, and that the property was stolen.
These facts, if not explained, are ordinarily circum-
stances from which you may reasonably infer that the
defendant had knowledge the property was stolen. How-
ever, you need not make this inference. It's the exclu-
sive province of the jury to determine whether the facts
and circumstances shown by the evidence in this case
warrant an inference that the defendant had knowledge
that the property was stolen.

"In this regard, you may consider the circumstances
surrounding the alleged taking, defendant's conduct, his
statement with reference to the property, the price that
was paid for the property, the length of time that has
elapsed between the taking and found in defendant's
possession, and any other facts from which you could
infer knowledge.

"However, if from all the evidence you have a reason-

able doubt whether he knew the property was so stolen or obtained, you must find he did not know it was so stolen or obtained and find the defendant not guilty."

The trial court's instructions were virtually verbatim from the Michigan Criminal Jury Instructions, Vol III, p 26-11, CJI 26:1:04.

The defendant asserts that this instruction was erroneous because it would allow an individual to be convicted solely on the fact that he possessed property that had been stolen. In other words, defendant maintains that the alleged instruction suggests that possession of stolen property can establish guilty knowledge.

Guilty knowledge of the fact that goods were previously stolen is an essential element of the crime of receiving and concealing stolen goods. *People v Martinovich,* 18 Mich App 253; 170 NW2d 899 (1969). Guilty knowledge may be actual or constructive. *Martinovich, supra,* at 257. Mere possession alone is not sufficient in and of itself to show guilty knowledge. *People v Grandahl,* 16 Mich App 221, 223; 167 NW2d 802 (1969). In *People v Blackwell,* 61 Mich App 236, 240; 232 NW2d 368 (1975), the Court cited with approval the following quotation from *State v Gordon,* 105 Minn 217; 117 NW 483 (1908):

"Guilty knowledge on the part of the defendant was not directly proved. In the nature of things, that is ordinarily impossible; nor is it necessary. *The circumstances accompanying the transaction may justify the inference by the jury that the prisoner believed, and had received the goods on belief that they were stolen.* 2 Bishop, Crim Law, § 1138; 1 Wharton, Crim Law & Procedure, § 984; 24 Am & Eng Enc Law (2d ed), p 52." (Emphasis supplied.)

The court clearly instructed the jury that they

were the triers of fact with exclusive power to determine whether the defendant knew that the property was in fact stolen when it came into his possession. The facts of the defendant's possession are ordinary circumstances from which the jury may reasonably infer that the defendant had knowledge that the property was stolen. The additional fact that the trial court twice told the jury that it *need not* make this inference, complies with established law. *Martinovich, supra; Blackwell, supra.* Finally, the trial judge instructed the jury that it had to weigh all the evidence, and if, after weighing all the evidence the jury had a reasonable doubt regarding knowledge, the trial judge instructed that they should find the defendant not guilty.

This instruction does not undermine the presumption of innocence, nor does it shift the burden of proof. The jury is entitled to draw inferences from circumstantial evidence adduced at trial. Reading the instructions *as a whole,* and particularly in connection with the other instructions which the court gave the jury, the jury was not misled by the instruction in the instant case.

The last issue raised by defendant is whether he is entitled to a resentencing where the trial judge considered inaccurate information when sentencing the defendant.

The trial judge erred at sentencing because he thought that the defendant had committed a burglary while out on bond for the offense in the instant case. The prosecutor admitted in his brief that the judge was mistaken. Due process of law requires that a defendant be resentenced where his sentence is based on inaccurate information

placed before the court. *People v Malkowski,* 385
Mich 244, 249; 188 NW2d 559 (1971).

Affirmed, remanded to the trial court for resen-
tencing.

BEASLEY, J., concurred.

M. F. CAVANAGH, P. J. *(concurring).* I agree that
the charge given, when read in its entirety, ade-
quately advised this jury. I concur separately to
voice my dissatisfaction with the wording of CJI
26:1:04, upon which the charge here given was
based. I refer specifically to the sentence, "These
facts, if not explained, are ordinarily circum-
stances from which you may reasonably infer that
the defendant had knowledge that the property
was stolen". I find that this instruction is confus-
ing. It comes dangerously close to indicating that
knowledge can be inferred from mere possession.
It can also be read as shifting the burden of proof
and as impinging upon defendant's right to remain
silent.