PEOPLE v CARLTON BROWN

Docket No. 63907. Submitted January 20, 1983, at Detroit.—Decided June 6, 1983. Leave to appeal applied for.

Carlton Brown was convicted of receiving or concealing stolen property with a value over $100 following a bench trial in Recorder's Court of Detroit, Justin C. Ravitz, J. Defendant appeals, challenging the sufficiency of the evidence at the preliminary examination, the sufficiency of the evidence at trial, the failure of the trial judge to make specific findings of fact, the comments by the trial court relative to defendant's failure to produce witnesses, the loss by the police of the automobile which was the subject of the prosecution and the failure of the trial court to require disclosure of the location of a hidden vehicle identification number. *Held:*

1. The question of the sufficiency of the evidence in support of the magistrate's determination to bind defendant over on the charge is not properly preserved for appellate review, there having been no motion to quash the information in the trial court prior to or during trial.

2. The evidence at trial was sufficient to establish that the automobile was stolen, that it had a value in excess of $100, and that the defendant received, possessed or concealed that automobile knowing the same to have been stolen.

3. The failure of the trial judge to make specific findings with respect to certain elements of the crime does not warrant remand as it is clear that the trial judge was aware of the factual issues, that the judge resolved those issues and that it

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 164.
   5 Am Jur 2d, Appeal and Error § 545 *et seq.*
   75 Am Jur 2d, Trial § 4.
[2] 66 Am Jur 2d, Receiving Stolen Property § 3 *et seq.*
[3] 66 Am Jur 2d, Receiving Stolen Property § 9.
[4] 5 Am Jur 2d, Appeal and Error § 839 *et seq.*
[5] 46 Am Jur 2d, Judge § 170.
   75 Am Jur 2d, Trial §§ 113, 245.
[6] 29 Am Jur 2d, Evidence §§ 453, 461.
[7] 75 Am Jur 2d, Trial § 33.

would not facilitate appellate review to require further explication of the path the judge used in reaching the result.

4. Since the defendant took the stand and testified on his own behalf, it was proper for the trial judge to consider and comment on the failure of the defendant to produce witnesses to corroborate his story. Such comment and consideration went to the inherent weakness of defendant's story and did not constitute an impermissible shifting of the burden of proof to defendant.

5. Since the loss of evidence by the police, which was by reason of the theft of the subject automobile from a police parking lot, was not the result of either intentional wrongdoing or bad faith on the part of the police, reversal is not mandated by the loss of that evidence.

6. In view of the failure of the defendant to show that the disclosure of the location of the hidden vehicle identification number was actually material to his defense, the strong public policy to keep the location of such numbers secret in order to insure effective law enforcement was properly applied and the trial judge properly refused to order disclosure of that information.

Affirmed.

1. CRIMINAL LAW — PRELIMINARY EXAMINATIONS — PRESERVING QUESTION.

The failure of a criminal defendant to file a motion to quash an information prior to or during trial precludes appellate review of the question of the sufficiency of the evidence in support of the magistrate's finding of probable cause to bind over for trial.

2. RECEIVING STOLEN GOODS — CRIMINAL LAW.

The elements of the crime of receiving and concealing stolen property are: (1) that the property was stolen; (2) the value of the property; (3) the receiving, possession or concealment of such property by the defendant with the knowledge of the defendant that the property had been stolen; (4) the identity of the property as being that previously stolen; and (5) the guilty constructive or actual knowledge of the defendant that the property received or concealed had been stolen.

3. RECEIVING STOLEN GOODS — MENS REA — KNOWLEDGE — GUILTY KNOWLEDGE.

Guilty knowledge that the goods were previously stolen is an element of the crime of receiving stolen goods, but such guilty knowledge may be actual or constructive and, while mere possession is not sufficient in and of itself to show guilty

knowledge, the circumstances accompanying the transaction may justify the inference by the jury that the defendant received the goods on belief that they were stolen.

4. CRIMINAL LAW — BENCH TRIALS — FINDINGS OF FACT — APPEAL.

Remand of a criminal conviction following a bench trial is not required by reason of the failure of the trial court to make a specific finding with respect to an element of the crime where it is manifest that the trial court was aware of the factual issue, that the court resolved that issue and it would not facilitate appellate review to require further explication of the path the trial court followed in reaching the result (GCR 1963, 517.1).

5. CRIMINAL LAW — BENCH TRIALS — JUDICIAL COMMENT — WITNESSES.

The trial court in a bench trial of a criminal defendant who takes the stand and testifies on his own behalf may properly comment upon and consider the failure of the defendant to produce corroborating witnesses; such comment and consideration does not shift the burden of proof but rather merely points out the weakness of the defendant's case.

6. CRIMINAL LAW — EVIDENCE — LOST EVIDENCE — BAD FAITH.

The loss of evidence by the police does not mandate reversal of a criminal conviction where there is no evidence that the loss of evidence was the result of intentional wrongdoing or bad faith on the part of the police.

7. CRIMINAL LAW — EVIDENCE — VEHICLE IDENTIFICATION NUMBERS — CONFIDENTIAL INFORMATION — HEARINGS.

The question of whether a criminal defendant is entitled to disclosure of the location of a hidden vehicle identification number used to determine that the vehicle in question had been stolen turns upon a showing by the defendant that such information was actually material to his defense, since the defendant's right to know must be balanced against the public harm which such disclosure would cause; the best procedure to determine the question of disclosure of confidential information is an *in camera* hearing by the trial court.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Gail Rodwan),* for defendant.

Before: V. J. BRENNAN, P.J., and GRIBBS and C. J. HOEHN,* JJ.

GRIBBS, J. The defendant, Carlton Brown, was convicted in a bench trial of receiving or concealing stolen property with a value over $100. MCL 750.535; MSA 28.803. He was sentenced to 18 months probation and appeals as of right.

At the defendant's preliminary examination Robert Miller testified that he called the police after recognizing his car parked on a Detroit street. His car had been stolen in November, 1980. When the police arrived, the defendant was sitting in the car. The defendant told the police that he had owned the car for three years and produced an automobile registration with a Vehicle Identification Number (VIN) which matched the VIN on the car's dashboard. Miller, however, gave the officers a description of certain repairs he had made, pointed out certain identification marks on the car, and opened the trunk with his own key. Because of these conflicting stories, the car was impounded.

A police officer from the Detroit Police Special Auto Theft Unit testified that, while the car was impounded, he made ink impressions of the VIN taken from four different locations on the car: the dashboard, transmission, engine, and an undisclosed location. He stated that normally the same VIN should appear at these four locations on a car which has no replacement parts. The VIN taken from the dashboard matched the number on the defendant's title, while the numbers found on the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

engine, transmission, and hidden location matched the number on Miller's title. After these impressions were taken, but prior to trial, the car was stolen from the police parking lot.

Following the preliminary examination, the defendant was bound over on the charge of receiving and concealing stolen property with a value over $100.

At trial the defendant testified as the only witness on his behalf. He stated that he had purchased the car from a man two or three years earlier but did not transfer title until November 1980, because the car had not been used on the street prior to that time. He had used the car for drag strip racing only, and a license was not required for that purpose. The defendant further testified that he had replaced the car's hood, seats, engine and transmission during the period he owned the car in 1979 and 1980. The receipts for these repairs, however, were dated 1981. The defendant attempted to explain this discrepancy by stating that his mechanic had inadvertently written the year 1981 when copying the receipts for the repairs done in 1979 and 1980. Nevertheless, the trial court sustained the prosecution's objection to admission of the receipts into evidence as hearsay because of the inconsistency in the date on the receipts, the defendant's testimony, and the fact that the receipts did not designate the car repaired. The court also overruled the defendant's objection to the nondisclosure of the location on the car of the hidden VIN, holding that such information was privileged.

On appeal, the defendant challenges the sufficiency of the evidence to support the magistrate's finding of probable cause to bind him over for trial. The defendant's failure to file a motion to

quash the information prior to or during trial precludes appellate review of this issue. *People v O'Brien,* 113 Mich App 183, 201-202; 317 NW2d 570 (1982).

The defendant further argues that the evidence was insufficient to support his conviction of receiving or concealing stolen property, since the prosecutor failed to prove beyond a reasonable doubt that the defendant had guilty knowledge that the car was stolen.

In *People v Wolak,* 110 Mich App 628, 631-632; 313 NW2d 174 (1981), the elements of receiving and concealing stolen property were set forth as follows:

" '(1) that the property was stolen; (2) the value of the property; (3) the receiving, possession or concealment of such property by the defendant with the knowledge of the defendant that the property had been stolen; (4) the identity of the property as being that previously stolen; and (5) the guilty constructive or actual knowledge of the defendant that the property received or concealed had been stolen. *People v Matuja,* 77 Mich App 291, 295; 258 NW2d 79 (1977).' "

In *Wolak,* the defendant claimed, as in the case at bar, that the evidence was insufficient to establish guilty knowledge. This Court rejected the defendant's argument and stated:

"We also find the evidence sufficient. Guilty knowledge may be actual or constructive. *People v Martinovich,* 18 Mich App 253, 257; 170 NW2d 899 (1969). While mere possession is not sufficient in and of itself to show guilty knowledge, *People v Grandahl,* 16 Mich App 221; 167 NW2d 802 (1969), the circumstances accompanying the transaction may justify the inference by the jury that the defendant received the goods on belief that they were stolen. *People v Lauzon,* 84 Mich

App 201, 207; 269 NW2d 524 (1978)." 110 Mich App 632.

In the instant case, the facts and circumstances were sufficient for the trial court sitting as trier of fact to reasonably infer the guilty knowledge of the defendant. There was testimony from two police officers that the defendant was found in the driver's seat. While the defendant had keys and a registration to the car with a VIN matching that on the dashboard, the complainant had a key to the car's trunk and the numbers found on the engine, transmission and from a hidden part of the car revealed a number indicating that the car was the complainant's. The defendant did not take title to the car until November 1980 (the same month the complainant's car was stolen), although he allegedly purchased the car two or three years earlier and there was a discrepancy in the dates of repairs the defendant supposedly had done.

We also reject the defendant's contention that the trial court's findings of fact were inadequate by not mentioning two elements of the crime, *i.e.,* value and guilty knowledge.

GCR 1963, 517.1, provides, in pertinent part:

".1 Effect. In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the fact specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment. It will be sufficient if the court makes brief, definite, and pertinent findings and conclusions upon the contested matters without over elaboration of detail or particularization of facts."

While the trial court did not specifically mention the car's value in reciting its findings of fact, the record shows that the court was well aware of the

car's value. The record also reveals that the trial
court was aware of the issue of guilty knowledge.
The court specifically noted that the defendant
would not be guilty if he did not know the car was
stolen. The Supreme Court has held that remand
is not necessary "where it is manifest that [the
trial judge] was aware of the factual issue, that he
resolved it and it would not facilitate appellate
review to require further explication of the path
he followed in reaching the result". *People v Jack-
son,* 390 Mich 621, 627, fn 3; 212 NW2d 918 (1973).

The defendant next claims that the trial court's
consideration of the defendant's failure to produce
witnesses on his own behalf constitutes reversible
error by impermissibly shifting the burden of
proof onto the defendant. Where a defendant testi-
fies at trial, as here, comments by a prosecutor or
trial judge regarding the defendant's failure to
produce corroborating witnesses merely point out
the weaknesses in the defendant's case and do not
improperly shift the burden of proof onto the
defendant. *People v Jackson,* 108 Mich App 346,
351-352; 310 NW2d 238 (1981).

We further find that the trial court's reference
to the inconsistency in the dates of the receipts,
which were ruled inadmissible exhibits, was none-
theless permissible as supported by the defendant's
own trial testimony, and, thus, there is no revers-
ible error.

Finally, the defendant contends that the loss of
the car prior to trial deprived him of due process
of law and the opportunity to effectively cross-
examine the prosecution's witnesses. The officer in
charge of the case testified at trial that he had
requested the car be left in the garage but his
lieutenant refused and instead removed the coil
wire from the car to prevent theft. Despite these

precautions, the car was stolen from the police parking lot. Since the police conduct in this case was merely negligent and there has been no evidence presented of intentional wrongdoing or bad faith on the part of the police, the loss of the automobile does not require reversal. *People v Amison,* 70 Mich App 70; 245 NW2d 405 (1976), *lv den* 402 Mich 815 (1977).

The defendant argues that at the very least there should have been disclosure of the location on the car of the hidden VIN. In *Gurleski v United States,* 405 F2d 253, 266 (CA 5, 1968), *cert den* 395 US 981; 89 S Ct 2140; 23 L Ed 2d 769 (1969), the Fifth Circuit upheld the trial court's ruling prohibiting defendant from cross-examining a police agent as to the location of a car's secret identification numbers:

"Just as the prosecution need not generally divulge the name of an informer unless some materiality is shown, they need not reveal the location of these marks, which are a highly valuable tool to law enforcement officers in discovering and solving car thefts. In addition, this court has already answered this question contrary to appellant's contention in *Williamson v United States,* 272 F2d 495 (CA 5, 1959), *cert den* 362 US 920; 80 S Ct 672; 4 L Ed 2d 740 (1960). The trial judge's ruling did not deprive defendant of his right of cross-examination."

See, also, *United States v Crumley,* 565 F2d 945, 950-951 (CA 5, 1978). Secret VIN's are important to effective law enforcement. Disclosure of their locations would greatly harm the strong public policy mandating confidentiality. The policy considerations in "confidential informer" cases are applicable here:

"We believe that no fixed rule with respect to disclo-

sure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Roviaro v United States,* 353 US 53, 62; 77 S Ct 623; 1 L Ed 2d 639 (1957), quoted in *People v Stander,* 73 Mich App 617, 622; 251 NW2d 258 (1976). See, also, *People v Laird,* 102 Mich 135, 138-140; 60 NW 457 (1894).

It is not enough to allege that this evidence "might seriously have weakened the prosecution's case" as the defendant alleges. This generalization is true of all evidence, including that relating to confidential information. We do not believe a blanket rule of exclusion is warranted, but we also do not believe the defendant's right to cross-examine witnesses requires a blanket rule of admissibility. A defendant must show actual materiality; a *pro forma* allegation of possible usefulness is inadequate to compel disclosure of the secret location of vehicle identification numbers, considering their use in solving car thefts.

As noted in *Stander,* the best procedure is to conduct an *in camera* hearing to determine whether disclosure is required. 73 Mich App 622-623. The trial judge in the case at bar conducted an *in camera* hearing at which a police officer disclosed the location of the hidden VIN.

The defendant's theory at trial was that he had replaced several parts on the allegedly stolen vehicle and that these parts—not the entire automobile—were stolen. We have reviewed the transcript of the *in camera* hearing. The testimony at that hearing shows that the hidden VIN was not on

any of the replacement parts. The location, therefore, was not material to the defense raised. The trial court balanced the minimal interest of the defendant in this case against the significant policy reasons for nondisclosure and properly suppressed disclosure of the location of the hidden VIN.

Affirmed.