**COURT OF APPEALS**

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DWAYNE STERLING BANKS,

        Defendant-Appellant.

UNPUBLISHED
November 18, 2014

No. 316784
Chippewa Circuit Court
LC No. 11-000692-FH

Before: OWENS, P.J., and MARKEY and SERVITTO, JJ.

PER CURIAM.

Defendant appeals by right his conviction by a jury of possession of a controlled substance in prison, MCL 800.281(4). The trial court sentenced defendant to an additional term of imprisonment of 3 to 20 years. We affirm.

Following a jury trial, defendant, a prisoner at the Chippewa Correctional Facility, was found guilty of unlawfully possessing marijuana. At the sentencing hearing, the trial court told defendant that he was "before the Court for the purpose of sentence and judgment on an offense to which you entered a plea." Neither defendant nor any of the attorneys objected to the trial court's reference to a plea. Later, while imposing sentence, the trial court stated defendant was before the court "having plead [sic] guilty to the offense . . . ."

On November 5, 2013, defendant moved for resentencing and to amend the presentence investigation report (PSIR), complaining that the trial judge sentenced defendant under the wrongful belief that he had entered a guilty plea. The judge assigned to the case following the original trial and sentencing granted defendant's motion to amend the PSIR to correct the form of the conviction as following a jury trial, but it denied his motion for resentencing. The trial court stated that because the sentencing judge sat through defendant's trial fewer than 50 days before the sentencing hearing, it determined that the judge merely misspoke and did not actually misunderstand how defendant got there.

Defendant argues he is entitled to resentencing because the trial court sentenced him under the belief that he pleaded guilty rather than having been convicted after a jury trial. "Due process of law requires that a defendant be resentenced where his sentence is based on inaccurate information placed before the court." *People v Lauzon*, 84 Mich App 201, 208-209; 269 NW2d 524 (1978). This issue presents a legal question we review de novo. *People v Francisco*, 474

Mich 82, 85; 711 NW2d 44 (2006). "[A] sentence is invalid if it is based on inaccurate information." *People v Miles*, 454 Mich 90, 96; 559 NW2d 299 (1997).

In this case, there is insufficient evidence that defendant was sentenced based on inaccurate information. Despite the trial court's statements at the sentencing hearing, courts ultimately speak through their written orders, see, e.g., *In re Contempt of Henry*, 282 Mich App 656, 678; 765 NW2d 44 (2009), and the judgment of sentence correctly states that defendant was convicted by a jury. Further, nothing in the record suggests that any misunderstanding of the trial court led it to impose a harsher sentence. Cf. *People v Hogan*, 105 Mich App 473, 486; 307 NW2d 72 (1981) (the trial court's remarks at sentencing implied that the sentence was harsher because defendant asserted his right to trial). Because defendant has not established his sentence was based on inaccurate information, he is not entitled to resentencing.

We affirm.

/s/ Donald S. Owens
/s/ Jane E. Markey
/s/ Deborah A. Servitto