PEOPLE *v.* SMITH.

1. CRIMINAL LAW—RECEIVING STOLEN PROPERTY—KNOWLEDGE OF STEALING NECESSARY ELEMENT OF OFFENSE.

   One receiving stolen property, to be guilty of a crime, must have knowledge that it had been stolen.[1]

2. SAME.

   Knowledge by one receiving stolen property that it had been stolen may be shown by direct evidence or by facts reasonably imputing such knowledge, but cannot rest upon mere suppositions.[2]

3. SAME.

   In a prosecution for larceny and receiving stolen property, where defendant was acquitted of larceny, and there was no evidence, except possession by defendant in another State, and no evidence from which the jury could find that defendant received it within the jurisdiction of the court, the defendant should have been discharged.[3]

Error to recorder's court of Detroit; Faust (John), J. Submitted April 15, 1926. (Docket No. 140.) Decided April 23, 1926.

[1]Receiving Stolen Goods, 34 Cyc. p. 515; [2]Id., 34 Cyc. p. 524; [3]Id., 34 Cyc. p. 519.

As to knowledge necessary to convict one of receiving stolen goods, see note in 22 L. R. A. (N. S.) 833.

Herbert D. Smith was convicted of receiving stolen property, and sentenced to imprisonment for not less than three nor more than five years in the State prison at Jackson.    Reversed, and defendant discharged.

*Bratton & Bratton,* for appellant.

Wiest, J.    The prosecuting attorney confesses error.    In this he does well, for the error is patent. Defendant should have been discharged at the trial. Defendant was tried under an information charging him with larceny of an automobile, and with receiving the same automobile, knowing it had been stolen. He was acquitted of larceny and convicted of receiving stolen property.

The automobile was stolen April 6, 1925, in the city of Detroit, and was found in defendant's possession at Columbus, Ohio, on the 11th day of May, with numbers changed, except secret numbers of the manufacturer.    Defendant was arrested in Ohio and brought to Detroit for trial.    There was no evidence that defendant was in Detroit at or about the time of the larceny.    Defendant was a witness and testified he bought the automobile in Ohio, gave the name of the man from whom he purchased, and produced written evidence of the sale to him.    Outside of showing a larceny and the finding of the stolen automobile in defendant's possession in the State of Ohio, over a month after the larceny, with numbers changed, the people offered no evidence.    There was no showing, by direct or circumstantial evidence, that defendant received the property within the jurisdiction of the recorder's court.    If the jury did not believe the testimony given by defendant this was of no help to the prosecution.    It is elementary, and the statute so provides, that one receiving stolen property, to be guilty of a crime, must have knowledge that it was stolen.    This knowledge may be shown either by

direct evidence or by facts reasonably imputing knowledge, but cannot rest upon mere suppositions.

We need not repeat what was said by this court in *Durant* v. *People,* 13 Mich. 351; *People* v. *Mullis,* 200 Mich. 505; *People* v. *Tantenella,* 212 Mich. 614.

The jury having acquitted defendant of larceny, and the automobile having been found in the State of Ohio; there being no evidence, except possession by defendant in Ohio, and no evidence from which the jury could find that the automobile was received by defendant in the city of Detroit, the defendant should have been discharged for want of evidence showing the commission of the crime of receiving stolen property within the jurisdiction of the court, or anywhere else. We find no occasion to discuss other errors alleged.

The conviction is set aside, judgment reversed and defendant discharged.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, CLARK, and MCDONALD, JJ., concurred.