PEOPLE *v.* GREEN.

1. CRIMINAL LAW—RECEIVING STOLEN PROPERTY—EVIDENCE—SUFFICIENCY.

To convict one accused of receiving stolen property, there must be sufficient proof to establish the charge of larceny by some person, but his conviction need not be averred or proven (3 Comp. Laws 1915, § 15304).

2. SAME—EVIDENCE OF POSSESSION IN ANOTHER COUNTY INSUFFICIENT TO SUPPORT CONVICTION.

Where, in a prosecution on two counts, charging larceny and receiving a stolen automobile knowing it to have been stolen, defendant was acquitted of larceny, and the only evidence supporting the second count was that defendant had possession in another county, said evidence was insufficient to support a conviction.

Error to Lenawee; Sampson (Jacob N.), J.  Submitted January 17, 1929.  (Docket No. 145, Calendar No. 33,655.)  Decided March 28, 1929.

Lloyd Green was convicted of receiving stolen property knowing it to have been stolen. Reversed, and defendant discharged.

*Ira F. Morgan (Frank R. Schell, James W. Helme, and John L. Wallace,* of counsel), for appellant.

*Wilber M. Brucker,* Attorney General, *Harold J. Waples,* Assistant Attorney General, and *Glenn L. Williams,* Prosecuting Attorney, for the people.

Sharpe, J. The information filed in the circuit court for the county of Lenawee charged the defendant with the larceny of a Buick automobile, and, in an added count, with receiving the automobile knowing it to have been stolen. The jury acquitted him of the larceny, but convicted him under the second count. He here seeks review by writ of error. There are a number of assignments. But one need be considered.

The automobile in question was stolen from the garage of J. A. Dillon, Jr., the complaining witness, in the city of Hudson, in Lenawee county, on the night of August 23, 1927. Mr. Dillon identified the defendant as one of two men who called at his garage on the morning of that day, inquiring about "used cars." Early the next morning, Maurice Garrison, a police officer in the city of Detroit, while in uniform and patrolling his beat, passed down an alley and saw a man about 12 feet from him, whom he afterwards identified as the defendant, closing the garage doors in the rear of 9336 Mack avenue, and called upon him to stop. The man went through the garage, leaving one door open, and jumped over a fence in the rear. The officer followed, but did not overtake him, and, as he was returning, he passed through the garage and saw a car therein loaded

with tires, which was afterwards identified as the stolen car. There was no other evidence connecting the defendant with the offenses charged.

To convict the defendant of receiving stolen property, there must have been sufficient proof to establish the charge of larceny by some person (*People v. Montague,* 71 Mich. 318), but his conviction need not be averred or proven (3 Comp. Laws 1915, § 15304). If an inference may be drawn from defendant's presence at Dillon's garage in Hudson, and the inquiries there made, and his after possession of the car in Detroit, that he or the man with him stole the car, he would be guilty of the larceny thereof, although the actual taking might have been done by his companion. The jury were so instructed, but acquitted the defendant on this charge. By so doing, they found the fact to be that neither he nor the man with him, if an accomplice, was guilty of stealing the car. The evidence submitted by defendant of his presence in Detroit during the day and on the night the car was stolen warranted this finding.

There was no proof that defendant had the car in his possession in the county of Lenawee. The jury evidently believed the testimony of the officer identifying the defendant as the man he saw at the garage in Detroit, which the defendant admitted was at that time used by him, although, as he claimed, space therein had been rented to another. It seems clear upon this record that defendant was convicted of having possession of the stolen property in the county of Wayne, not in the county of Lenawee. The verdict can be accounted for only by the omission of the trial court to specifically state to the jury that the possession of the stolen car by the defendant must be found by them to have been within the

limits of the county of Lenawee.  Attention was not called to this omission and, were there any evidence of possession within the county of Lenawee, the instruction as given would be deemed sufficient.

Before sentence, defendant's counsel moved for the discharge of the defendant for the reason that there was no proof that he received the stolen property in the county of Lenawee.  This motion should have been granted.  *People* v. *Smith*, 234 Mich. 503.

The judgment will be set aside, and the defendant ordered discharged.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.  POTTER, J., did not sit.