## PEOPLE *v.* GRANDAHL

1. RECEIVING STOLEN GOODS—EVIDENCE—POSSESSION.

    It cannot be inferred from the fact that an accused person was in possession of stolen property that he knew it was stolen at the time it came into his possession, but the jury may reasonably infer from the fact that the accused knew he was in possession of stolen goods that he knew they were stolen at the time he received them, even though there was no direct evidence that he knew they were stolen at the time of receipt (MCLA § 750.535).

2. RECEIVING STOLEN GOODS—INFORMATION—VERDICT.

    General verdict of "guilty as charged" without further specification when the information charged the offense(s) of buying, receiving, and aiding in the concealment of stolen property *held,* sufficient when the entire charge involved violation of only one statute which made it illegal to buy, receive, or aid in the concealment of stolen property (MCLA § 750.535).

3. CRIMINAL LAW—SENTENCE—CREDIT FOR TIME ALREADY SERVED.

    Sentence imposed by trial court, followed by a letter in which the trial judge stated that in imposing sentence he considered the time that defendant already had spent in jail *held,* not to comply with the requirement that it must appear from the

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 45 Am Jur, Receiving Stolen Property § 18.
  Possession of recently stolen goods by one charged with receiving them as evidence on question of guilty knowledge.   68 ALR 187.
[2] 21 Am Jur 2d, Criminal Law § 525; 45 Am Jur, Receiving Stolen Property §§ 20, 21.
  Necessity and sufficiency of adjudication of guilt, or of recital of or reference to verdict in judgment pronouncing sentence in criminal case.   69 ALR 792.
[3] 21 Am Jur 2d, Criminal Law §§ 533, 545.
  Right to credit for time served under erroneous or void sentence or invalid judgment of conviction necessitating new trial.   35 ALR 2d 1283,

record that a specific grant of credit for time served was made
and the manner in which it was made (MCLA § 769.116).

Appeal from Recorder's Court of Detroit, Vincent
J. Brennan, J.   Submitted Division 1 December 5,
1968, at Detroit.   (Docket No. 2,862.)   Decided February 27, 1969.

Harry Grandahl was convicted of buying, receiving or aiding in the concealment of stolen property.
Defendant appeals.   Remanded for resentencing.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Arthur N. Bishop,* Assistant
Prosecuting Attorney, for the people.

*Kenneth A. Webb,* for defendant on appeal.

BEFORE: LEVIN, P. J., and HOLBROOK and
ROOD,* JJ.

PER CURIAM.   Defendant appeals his conviction by
a jury of the crime of buying, receiving or aiding
in the concealment of stolen property.   MCLA
§ 750.535 (Stat Ann 1969 Cum Supp § 28.803).

There was testimony that the defendant was aware
that property in his possession was stolen property.
He points out, however, that there was no direct
evidence showing he was aware of the fact the property was stolen at the time it came into his possession and that an accused person may not be convicted of the charged offense unless it has been
established that he knew the property was stolen
property at the time it came into his possession.

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

It is, of course, true that a jury may not infer from the mere fact that the accused person is in possession of stolen property that he knew it was stolen at the time he came into possession of the property. *Durant* v. *People* (1865), 13 Mich 350, 351; *People* v. *Smith* (1926), 234 Mich 503. However, here the people showed more than mere possession. There was testimony that at a time after the defendant came into possession of the stolen goods prior to his arrest he was aware of the fact that they were stolen. The jury could reasonably infer from the testimony that the defendant was aware of the fact he was in possession of stolen goods, that he was also aware of that fact at the time he came into their possession.

The jury brought in a verdict of "guilty as charged" and after inquiry from the court clerk as to whether that meant guilty of receiving and concealing stolen property the foreman and the other members of the jury responded, "Yes."

The defendant asserts that he was charged with 3 separate offenses, *i.e.,* (1) buying, (2) receiving, and (3) aiding in the concealment of stolen property, and invokes the principle stated in *People* v. *Aiken* (1887), 66 Mich 460, 469, where the Michigan Supreme Court declared that a general verdict of guilty was defective where the information was duplicitous and the jury had not been instructed that they might acquit the defendant upon the "second and third [counts] and find him guilty upon the fourth, or vice versa." The *Aiken* Court reasoned, "it may be possible that a portion of the jury based their verdict upon the second and third counts exclusively and another portion upon the fourth alone. There can be no safety in such a practice as this."

In *Aiken* the several counts charged separate offenses under different statutory provisions. In the present case the defendant was charged in a one-

count information with violation of but one statutory provision, *viz.*:

"[No] person * * * shall * * * buy, receive or aid in the concealment, of any stolen, embezzled or converted money, goods or property knowing the same to have been stolen, embezzled or converted." MCLA § 750.535 (Stat Ann 1969 Cum Supp § 28.803).

The trial court's failure to instruct the jury that it might acquit the defendant of buying or receiving stolen property and yet convict him of aiding in the concealment of stolen property, or vice versa, and the receipt of the general verdict in the manner described was not error.

The defendant was sentenced to a term of not less than 3–1/2 and not more than 5 years. He claims he spent 2–1/2 months in the Wayne county jail awaiting trial and that the trial judge failed to give him credit against the sentence on that account as required by the following statutory provision:

"Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing." MCLA § 769.11b (Stat Ann 1969 Cum Supp § 28.1083[2]).

In response, the prosecutor furnishes us with a copy of a letter from a judge of the recorder's court to the defendant stating:

"[the] court took into consideration the time you had spent in the Wayne county jail awaiting disposition of your matter when it imposed the minimum sentence that it did."

Such a statement does not comply with the requirements of the statute. In *Booker* v. *Judge of Recorder's Court* (1967), 7 Mich App 705, our Court held that it must appear from the record that a specific grant of credit was made and the manner in which it was made. In the cited case we set aside the sentence and remanded the case to the trial court for resentencing pursuant to the provisions of the statute (p 709):

"The required specific grant of credit cannot be accomplished by the trial court stating he has considered the time spent in jail in arriving at the sentence pronounced nor by a statement that defendant has been given credit for such time. It must appear from the record that such specific grant of credit was made and the manner in which it was made. For example, the sentence of [the defendant] would comply with the act if the trial judge had fixed the date of commencement of sentence as the date [the defendant] was jailed for the offense which led to that sentence, or if after pronouncing sentence, the trial court had stated defendant was to receive 8 months credit against the sentence."

Since the people have not conceded the exact number of days of credit to which the defendant is entitled and, thus, this Court is not in a position itself to amend the sentence, this case is remanded to the trial court for resentencing in manner consistent with this opinion.