PEOPLE v JAMES WATKINS

1. CRIMINAL LAW—SEPARATE OFFENSES—JOINDER—SEPARATE TRIALS.

Charges arising out of distinct and separate offenses ordinarily should not be tried together.

2. APPEAL AND ERROR—CRIMINAL LAW—EVIDENCE—STANDARD OF REVIEW—DISCRETION.

The standard of review with regard to alleged error in the admission of evidence is whether the trial court abused its discretion.

3. CRIMINAL LAW—EVIDENCE—PRIOR CRIMINAL ACT—PROBATIVE VALUE—PREJUDICE.

Evidence of a defendant's prior criminal act, offered to prove motive and intent, may be admissible where the probative value of the evidence outweighs its prejudicial effect.

4. CRIMINAL LAW—ASSAULT—INTENT TO MURDER—EVIDENCE—PRIOR CRIMINAL ACT—DISCRETION.

The admission of evidence that a defendant was recklessly firing shots at the house of his girl friend about 15 to 30 minutes before his unrelated encounter with police officers, in a trial for assaulting the police officers with intent to commit murder, was within the discretion of the trial court where the evidence was offered to show the defendant's motive and intent.

5. WITNESSES—CRIMINAL LAW—IMPEACHMENT—ARREST WITHOUT CONVICTION—MISTRIAL—PREJUDICE—STATUTES—COURT RULES.

A prosecutor may not impeach a defense witness by referring to a

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 8, 9.
[2] 76 Am Jur 2d, Trial §§ 1267–1270.
[3] 21 Am Jur 2d, Criminal Law § 585.
[4] 40 Am Jur 2d, Homicide §§ 568–582.
[5] 58 Am Jur 2d, Witnesses § 754 *et seq.*
[6] 23 Am Jur 2d, Depositions and Discovery § 318.

felony arrest and charge which did not result in conviction; however, a prosecutor's improper questioning of a defense witness did not warrant a mistrial where the witness's testimony was not important to the outcome of the case, the jury was instructed to disregard any reference to a charge or arrest not resulting in conviction, and the defendant was not prejudiced (MCLA 769.26; GCR 1963, 529.1).

6. CRIMINAL LAW—DISCOVERY—CROSS-EXAMINATION—LIMITATIONS—
   CONFIDENTIALITY.
   Discovery and cross-examination in an area of confidential police information may be limited by the trial court where the matters sought to be disclosed are not material to the issue of guilt.

Appeal from Genesee, Philip C. Elliott, J. Submitted Division 2 March 6, 1975, at Lansing. (Docket No. 19246.) Decided April 24, 1975.

James Watkins was convicted of carrying a firearm with the intent to unlawfully use it against the person of another and assault with intent to commit murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *F. Jack Belzer,* Assistant Prosecuting Attorney, for the people.

*Leitson, Dean, Dean, Segar & Hart, P. C.,* for defendant.

Before: QUINN, P. J., and BASHARA and N. J. KAUFMAN, JJ.

N. J. KAUFMAN, J. Defendant James Watkins was convicted by a jury of carrying a firearm with the intent to unlawfully use it against the person of another (MCLA 750.226; MSA 28.423) and assault with intent to commit murder (MCLA 750.83; MSA 28.278).

The charges grew out of two separate and unconnected offenses occurring during the early morning hours of July 28, 1973 in the City of Flint. The first charge was brought because defendant allegedly went to the home of his girl friend, Patricia Watson, with a gun, demanded entry and, when she refused, he walked down the block and shot three shots at the house. A neighbor corroborated the event but was unable to identify defendant. Defendant denied this charge.

About 15 to 30 minutes later defendant was involved in a shooting with two police officers who testified they were in the neighborhood for an unrelated surveillance and had seen defendant walking down the street with the butt of a gun protruding from his pocket. The officers were not responding to nor did they know of the former alleged activity of the defendant. When one of the officers exited his car, defendant fired one shot. He testified he shot in the air to frighten the man. The officer testified defendant shot at him. A gun battle ensued between the officers and defendant. Defendant was apprehended when he fell in the street after being wounded. Defendant claimed at trial that he did not know the men were police officers, since they were in plain clothes and unmarked cars, and that he shot because he was in a high-crime area and was frightened. Neither officer was wounded.

Ordinarily, charges arising out of distinct and separate offenses should not be tried together. *People v Rohrer,* 100 Mich 126; 58 NW 661 (1894), *People v Bommarito,* 309 Mich 139; 14 NW2d 812 (1944). However, on the day before trial on the more serious offense of assault with intent to murder the officers, the prosecutor moved to add two witnesses to the information. The witnesses

were Patricia Watson and her neighbor, and the prosecutor urged admission of their testimony to prove motive and intent in the second offense. The trial court, relying on MCLA 768.27; MSA 28.1050, allowed the addition of the witnesses. In view of that decision, defendant agreed to a joinder of trials on the two offenses.

Defendant now challenges the trial court's evidentiary ruling in allowing the testimony of defendant's girl friend and her neighbor at a trial on the second charge. If the evidentiary decision by the trial court was incorrect, then, perforce, the joinder was incorrect. *Rohrer, supra.* In making this decision the trial court stated:

"It seems to me that—pretty clearly that it would be admissible at the trial to show intent when he—when the police officer pulled up alongside of him and got out of the car and hollered 'police', from the standpoint of providing a motive to avoid arrest for his previous crime, and in other ways, perhaps, it would be pretty clear evidence, too, so I'm going to grant the motion to add them as witnesses in the assault with intent to murder case."

Our standard of review is whether the trial court abused its discretion. *People v Duncan,* 55 Mich App 403; 222 NW2d 261 (1974). The test to be applied is whether probative value outweighs prejudice. *People v DerMartzex,* 390 Mich 410; 213 NW2d 97 (1973). It matters not that this Court, if it were sitting as the trial judge, may have made a different determination in weighing the evidence. It matters not that this Court may question whether the acts of an angry boyfriend in recklessly shooting at a building are probative of an intent to murder or a motive to avoid arrest, when the only real issue at trial was whether defendant

knew the men were officers. It matters only that the trial court was within the bounds of its discretion, and that determination has been made by the Supreme Court in a case having strikingly similar facts. In *People v Counts,* 318 Mich 45; 27 NW2d 338 (1947), the defendant was charged with assault with intent to do great bodily harm less than murder involving a police officer. Defendant denied any intent to assault the officer, claiming he had a gun only to celebrate Armistice Day. The trial court allowed testimony of a witness who had encountered the defendant 15 minutes earlier at the defendant's home. The witness testified defendant inquired whether he was a "cop", kept the gun pointed at the witness' knees and moved the gun with the movements of the witness. The Supreme Court upheld the admission of this testimony, saying at p 51:

"The testimony that he gave tended to throw light on defendant's mental condition at the time he made the alleged assault charged in the information, and had a bearing on the intent with which defendant acted. The testimony of the doctor justified the inference that defendant was in a belligerent frame of mind, and that he was anticipating that police officers might be looking for him."

In view of this precedent, we are unable to say the trial court abused his discretion in admitting the evidence of the prior act in this case.

Defendant also claims error in the trial court's refusal to grant a mistrial when the prosecutor impeached one of defendant's witnesses by referring to a felony arrest and charge which did not result in a conviction. There is no question the prosecution violated the dictates of *People v Falkner,* 389 Mich 682; 209 NW2d 193 (1973), when he

questioned the witness regarding arrests on two charges, one resulting in conviction of a lesser offense and the other resulting in no conviction. However, while we strongly disapprove of the prosecutor's questioning, we do not find the end result to have been so prejudicial as to require a mistrial. The trial court clearly stated in its final instructions to the jury that it was to disregard any reference to a charge or arrest which did not result in a conviction. In addition, this witness' brief testimony reveals nothing of importance to the outcome of the case, as he had not witnessed the inception of the assault and saw only the apprehension of the defendant. The court was under no duty to declare a mistrial where the error was not prejudicial. MCLA 769.26; MSA 28.1096, GCR 1963, 529.1.

The defendant's final claim of error is without merit. The trial judge did not abuse his discretion in denying defense counsel the opportunity to cross-examine the police officers regarding the purpose of the surveillance they were conducting on the night of this incident. The officers clearly admitted the surveillance was unconnected with this incident, and they indicated the activities being investigated were still confidential. This Court has recognized the necessity for limiting discovery and cross-examination in an area of confidential police information if the matters sought to be disclosed are not material to the issue of guilt. *People v Wenrich,* 31 Mich App 644, 648; 188 NW2d 102, 104 (1971).

Affirmed.