PEOPLE v BILLINGSLEA

1. TRIAL—CRIMINAL LAW—JOINDER OF DEFENDANTS—STATUTES—
   JUDGE'S DISCRETION—CLEAR ABUSE.

   Trials of defendants who are charged in one indictment arising
   out of the same transaction may be joined pursuant to statute;
   the decision to join is discretionary with the trial court and the
   exercise of that discretion will not be disturbed on appeal
   absent a showing of clear abuse (MCLA 768.5; MSA 28.1028).

2. TRIAL—CRIMINAL LAW—JOINDER OF DEFENDANTS—OBJECTIONS—
   PREJUDICE.

   Absent an objection to a trial court's decision to join two defend-
   ants for trial, the Court of Appeals will not reverse a conviction
   of one of the defendants without a clear indication that the
   joinder prejudiced that defendant.

3. TRIAL—CRIMINAL LAW—JOINDER OF DEFENDANTS—SEPARATE
   TRANSACTIONS—PREJUDICE.

   The joint trial of two defendants is error where the charges
   against the defendants arise from entirely separate transac-
   tions; such a proceeding is inherently prejudicial because of the
   danger that the jury might feel that the evidence against one
   defendant supports the charge against the other.

Appeal from Recorder's Court of Detroit, John
Patrick O'Brien, J. Submitted June 14, 1976, at
Detroit. (Docket No. 22681.) Decided August 3,
1976. Leave to appeal denied, 398 Mich 808.

Calvin Billingslea was convicted of delivery of
heroin. Defendant appeals. Reversed and re-
manded.

*Frank J. Kelley,* Attorney General, *Robert A.*

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 21 Am Jur 2d, Criminal Law § 127 *et seq.*

*Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Research, Training and Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*Taylor & Rubin,* for defendant.

Before: V. J. Brennan, P. J., and N. J. Kaufman and R. H. Campbell,* JJ.

V. J. Brennan, P. J. Defendant Calvin Billingslea and co-defendant Brenda Johnson were charged under separate warrants and informations with delivery of heroin, contrary to MCLA 335.341(1)(a); MSA 18.1070(41)(1)(a), and were convicted in a joint trial before a jury on August 8, 1974, Recorder's Court Judge John Patrick O'Brien presiding. Co-defendant Johnson was separately prosecuted in the same trial for another delivery charge arising out of a totally distinct incident. Defendant Billingslea was sentenced on November 8, 1974, to a term of from 10 to 20 years in prison and appeals as a matter of right.

On appeal, defendant Billingslea contends that the joint trial with co-defendant Johnson, who was charged in an entirely separate incident, deprived him of his due process right to a fair trial. We agree.

By statute, Michigan provides for joinder of defendants when they are charged in one indictment arising out of the same transaction. MCLA 768.5; MSA 28.1028.

The decision to join in these instances is discretionary with the trial court. *People v Foster,* 51 Mich App 213, 215; 214 NW2d 723 (1974). We will

---

* Circuit judge, sitting on the Court of Appeals by assignment.

not disturb that discretion absent a showing of clear abuse.

Further, defense counsel made no objection to the court's decision to join defendants. Consequently, we will not reverse in this case without a clear indication that the joinder prejudiced defendant. *People v Clark,* 57 Mich App 339, 341–342; 225 NW2d 758 (1975), *People v Schram,* 378 Mich 145, 154–157; 142 NW2d 662 (1966). In *Schram, supra,* the co-defendants were charged on separate informations for the same crime on the same date, clearly an acceptable situation for joinder.

However, the problem in this case is markedly different. Beyond the fact that defendants were not brought before the trial court on the same indictment, there looms the consideration that co-defendant Johnson was simultaneously tried before the same jury on a charge arising out of an entirely separate transaction. We find this procedure prejudicial and reversible error.

No Michigan authority exists to deal with this situation. Clearly, the statute does not speak to this issue. However, Federal law does provide the necessary guidance, and we adopt a line of reasoning expressed there. See Rule 8(b), Federal Rules of Criminal Procedure, 18 USCA.[1] *United States v Gentile,* 495 F2d 626, 629–633 (CA 5, 1974), *United States v Bova,* 493 F2d 33, 35–37 (CA 5, 1974), *Metheany v United States,* 365 F2d 90, 94 (CA 9, 1966), *King v United States,* 355 F2d 700 (CA 1, 1966), *Ingram v United States,* 272 F2d 567 (CA 4, 1959).

---

[1] Rule 8(b) reads as follows:

"Joinder of Defendants. Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count."

In *King,* while the defendant was charged jointly with the co-defendant for transferring narcotics but the co-defendant was charged with two totally unrelated[2] additional offenses, the United States Court of Appeals reversed defendant's conviction. The reason is that there is no basis for trying co-defendants jointly when one defendant was in no way connected with the additional charges against his co-defendant. *Id.* at 704.[3]

In *Ingram,* where a defendant's conviction was reversed in a criminal prosecution for removing, concealing, and possessing non-tax-paid liquor, the Court expressed its reasoning in this way:

"In other words, where multiple defendants are charged with offenses in no way connected, and are tried together, they are prejudiced by that very fact, and the trial judge has no discretion to deny relief.

\* \* \*

"The error here was no mere technicality. The rule against jointly indicting and trying different defendants

---

[2] Where sufficient "benefits [to the court] from joint proof of facts relevant to all the acts or transactions" can be shown by prosecution before trial, then joinder is permissible, even under Rule 8(b), *e.g.,* when some defendants are charged with transporting stolen goods in interstate commerce and others are charged with receiving these stolen goods. *Kitchell v United States,* 354 F2d 715 (CA 1, 1965). However, if no connection exists between the acts, as when they arise from completely distinct transactions, the benefit to the court in trying defendants jointly is outweighed by the prejudice to the defendants and Rule 8(b) comes into operation to deny joinder.

[3] "For example, a single defendant, A, may be charged in one indictment with acts X, Y and Z, simply because they are similar offenses. Or he might be charged in one indictment with defendant B for offense Z if it were a joint offense. This fact, however, does not automatically mean that B can be joined with A as to offenses X and Y. In applying a test of 'substantially the same kinds of transactions,' this is what the district court did. The allegations of the indictment not only show this, but, as the evidence developed, the prejudice inherent in the court's limited test was made affirmatively apparent. We do not, however, rely upon that. As matter of law, the offenses on the other dates not being a connected series of acts, and King being in no way involved, there was no basis for requiring him to be tried in conjunction therewith." *King v United States, supra,* pp 704–705.

for unconnected offenses is a long-established procedural safeguard. Its purpose is to prohibit exactly what was done here, namely, allowing evidence in a case against one defendant to be presented in the case against another charged with a completely disassociated offense, with the danger that the jury might feel that the evidence against the one supported the charge against the other. It is not 'harmless error' to violate a fundamental procedural rule designed to prevent 'mass trials'." *Ingram v United States, supra,* pp 570–571.

We agree that allowing this kind of prejudice to sneak into a criminal trial is unacceptable. We commend the trial court which carefully attempted to insure that the jury considered each charge independently, but we are still constrained to find the prejudice inherent to such degree that only a new trial can cure the error.

Reversed and remanded for proceedings in conformity with this opinion.