PEOPLE v SLATE

1. CRIMINAL LAW—JOINT TRIALS—SEPARATE INFORMATIONS.

Generally, the practice of joint trials and consolidation of actions is clearly approved; the fact that persons are indicted or informed against separately does not bar their being tried jointly in criminal cases.

2. CRIMINAL LAW—JOINDER—SEPARATE CHARGES—MULTIPLE DEFENDANTS—COURT'S DISCRETION—ABUSE—PREJUDICE.

The decision to join separate charges against multiple defendants for the same criminal offense is discretionary with the trial court, and that discretionary decision will not be disturbed on appeal absent a showing of clear abuse and resulting prejudice to a defendant.

3. CRIMINAL LAW—JOINT TRIALS—SEPARATE INFORMATIONS—SEPARATE CHARGES—UNRELATED TRANSACTIONS—PREJUDICE—DUE PROCESS—FAIR TRIAL.

Reversal is required where a defendant and a codefendant are tried in a joint criminal trial wherein both were charged under separate informations but the codefendant was also separately tried in the same trial for a separate charge arising out of a totally distinct and unrelated transaction; under these circumstances, there is inherent prejudice in the joinder and the defendant is deprived of due process and the right to a fair trial.

4. CRIMINAL LAW—JOINT TRIALS—CHARGES AND PROOFS—PARTICULAR FACTS—PREJUDICE—BENEFITS—PARTIES AND OFFENSES—BALANCE OF PREJUDICE AND BENEFITS.

Joinder of criminal defendants for trial is proper where the charges and proofs are connected or substantially connected, but each case must be analyzed and resolved according to its particular facts; prejudice to a defendant from such a joinder must be balanced against the possibility of benefit to the courts,

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4] 1 Am Jur 2d, Actions § 156 et seq.
[3] 21 Am Jur 2d, Criminal Law § 234.
[5] 21 Am Jur 2d, Criminal Law § 127.

the public, and to the administration of justice; as the degree of inter-connectedness between the joined parties and offenses increases, the balance should tip in the direction of the propriety of such joinder.

5. CRIMINAL LAW—JOINT TRIALS—PREJUDICE—ISSUES—EVIDENCE— COURT'S DISCRETION.

Joinder of criminal defendants for trial is not prejudicial and there is no abuse of judicial discretion in allowing such joinder where two codefendants robbed a jewelry store, defendant and codefendants were apprehended at defendant's automobile, the trunk of which contained the stolen jewelry, and codefendants were charged with armed robbery and all three with receiving and concealing stolen property because of the overlapping of issues and evidence in relation to the charges of armed robbery, and of receiving and concealing stolen property.

Appeal from Recorder's Court of Detroit, Geraldine B. Ford, J. Submitted November 9, 1976, at Detroit. (Docket No. 24804.) Decided January 5, 1977.

John T. Slate was convicted of receiving and concealing stolen property exceeding $100 in value. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training & Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*Robert E. Slameka,* for defendant.

Before: D. F. WALSH, P. J., and R. B. BURNS and O. B. BIVINS, JR.,* JJ.

O. B. BIVINS, JR., J. Defendant Slate, along with codefendants Hunter and Thomas, was charged

---

* Circuit judge, sitting on the Court of Appeals by assignment.

with receiving and concealing stolen property, the value of which exceeded $100, contrary to MCLA 750.535; MSA 28.803. All three codefendants were charged in the same information. Codefendants Hunter and Thomas only were also charged with armed robbery in a separate information. The trial court, pursuant to a motion by the prosecutor, granted a joinder of the informations for trial over the objection of defendant Slate. On June 11, 1975, the jury convicted defendant Slate and codefendant Thomas of the receiving and concealing charge. Defendant Slate, on July 9, 1975, was sentenced to a prison term of 40 to 60 months. Defendant Slate now appeals as of right.

The evidence adduced at trial showed the following chain of events:

On October 2, 1974, an armed robbery of the Shifrin-Willens Jewelry Store located at 2028 East Eight Mile Road, Detroit, took place.

Witness Macaulay, a sales employee at the jewelry store, was working in the store on the day of the hold-up.

Her manager asked her to wait on two gentlemen who were standing by the diamond case. The two men asked her if she could show them a few diamonds, and she showed them some men's diamond rings. After she showed them the rings, she put them back into the case, and the two men asked to see more diamond cuts. She told Mr. Robinson, the manager of the store, to assist the two men. The two men thereafter left the store.

About 20 minutes later, the two men again entered the jewelry store. Defendant Thomas had a shotgun in his hands and was pointing it towards witness Macaulay, demanding that she give him the case filled with diamonds. She placed the diamonds in a brown bag; the items included

men's diamond rings, ladies' diamond rings, engagement rings, and wedding rings.

The two men then demanded the money in the cash register. The money was placed in a bag by defendant Thomas. At this time defendant Hunter had a pistol in his hand. The two defendants then left the store.

The store manager immediately called the police, and they arrived at the store just minutes later. Detroit Police Officers Robert Edge and Greg Woods obtained a description of the hold-up men and of the merchandise stolen.

On October 4th, two days after the robbery, several witnesses identified defendant Hunter during a photographic display and during a line-up.

On October 4th, Sergeant John Fabian of the Detroit Police Department obtained a search warrant for the address of 5731 Charles, in that city, to enter the premises and search for diamond rings, money, and weapons used in the robbery.

After obtaining the warrant, Fabian, with additional personnel, proceeded to the address to execute the warrant. Fabian drove past the house on Charles and observed no activity at the house, no cars in the driveway and none in front of the house. He then drove around the block and informed the other police officers about this condition.

The police officers then proceeded towards the house to execute the warrant with Sergeant Fabian in the lead car. This time he observed three men standing alongside a car (1974 Thunderbird) which was parked in front of the house. As he got closer to the parked car, he observed one of the men walk to the rear of the car. He parked his car face-to-face with the parked T-Bird. Sergeant Fabian and the other officers then exited their car.

As Sergeant Fabian approached the two men who were standing alongside of the car, he observed both of these men taking objects out of their pockets and throwing these objects to the ground. At trial, he identified defendants Hunter and Thomas as being the two men.

Defendants Hunter and Thomas were ordered to put their hands on the car, and they complied with this request. Sergeant Fabian retrieved the objects from the ground and put them in his pockets. The thrown items consisted of ladies' rings, watches and men's rings.

Sergeant Fabian then went to the rear of the T-Bird where the trunk was open; defendant Slate was standing directly behind the trunk. Slate was leaning into the trunk and was reaching into it. The T-Bird was owned by defendant Slate.

While at the back of the car, Sergeant Fabian noticed an open athletic bag with clothing inside. There were several ladies' rings and ring sets lying on top of the clothing with store tags on them. The tags were similar to store tags which he had seen at the jewelry store and described as those taken in the robbery. A more complete search resulted in his finding other diamond jewelry items inside the athletic bag.

After Sergeant Fabian retrieved the jewelry from the trunk, the three defendants were all placed under arrest.

A custodial search was made of all three arrested defendants by Sergeant Fabian. The sum of $433 was taken from defendant Thomas; a wristwatch was also found underneath his socks along with some rings in his pockets.

Defendant Slate now appeals from his jury conviction of receiving and concealing stolen property of the value of over $100, and raises several claims

of error. We find only one issue merits extended discussion. We find no merit in the other assignments of error.

Defendant claims that the trial court reversibly erred in granting the prosecutor's motion to join the armed robbery charges against Hunter and Thomas with the charges of receiving and concealing stolen property against Hunter, Thomas, and himself in one trial upon the joined informations over his objection. Defendant argues that said joinder of the two separate informations prejudiced him in that it enabled the prosecutor to improperly argue to the jury by inference that he was also involved in the uncharged commission of the armed robbery. He maintains that the joinder operated to deny him a fair trial and was prejudicial to him.

The people contend, on the other hand, that the joinder of the informations was not prejudicial to defendant-appellant.

Defendant's contentions are dual in nature. First, he claims that the improper joinder permitted the prosecutor to draw inferences unfavorable to him which were not based on the evidence properly before the jury on the charged receiving and concealing stolen property offense. Second, he asserts that said joinder of charges resulted in the jury hearing "conflicting" defenses from defendants Hunter and Thomas in relation to their armed robbery charges. We disagree.

Under Michigan law, the practice of joint trials and consolidation of actions is clearly approved in general. *Cf.,* MCLA 768.5; MSA 28.1028; GCR 1963, 505.1.

The fact that persons are indicted or informed against separately does not bar their being tried jointly in criminal cases. *People v Schram,* 378

Mich 145; 142 NW2d 662 (1966). The decision to join separate charges against multiple defendants for the same criminal offense is discretionary with the trial court, and that discretionary decision will not be disturbed on appeal absent a showing of clear abuse, and resulting prejudice to the defendant. *People v Clark,* 57 Mich App 339, 341–342; 225 NW2d 758 (1975), *People v Hurst,* 396 Mich 1, 6; 238 NW2d 6 (1976); *cf.,* MCLA 769.26; MSA 28.1096. Thus, in the absence of an affirmative showing that a joint trial prejudiced substantial rights of a defendant, the discretionary exercise of the trial court in allowing joinder will not be set aside on appeal.

It would appear, however, that the precise factual situation involved in the case at bench in relation to the joinder issue presented has not been dealt with in any prior Michigan appellate decision. We are here concerned with the joinder for trial purposes of three defendants, all of whom have had one common charge placed against them, but where only two of the three defendants have a separate and additional charge to confront.

A recent decision by another panel of this Court, however, is of significant assistance in facilitating the proper resolution of this joinder question. In *People v Billingslea,* 70 Mich App 371; 246 NW2d 4 (1976), *lv den,* 398 Mich 808 (1976), the defendant and a codefendant were charged under separate informations with delivery of heroin, and both were convicted of said charge in a joint jury trial. The codefendant was also separately tried in the same trial for a separate delivery charge arising out of a totally distinct and unrelated transaction. On appeal, the defendant contended that his joint trial with the codefendant under these circumstances deprived him of his due process right to a

fair trial. This Court agreed and found reversible error and inherent prejudice in such joinder. (70 Mich App at 375.) The critical concern and factually crucial circumstance in that case were that the codefendant was tried in the joint trial with the defendant for an "entirely separate incident". (70 Mich App at 372.)

The case at bench is clearly distinguishable from the factual backdrop of the *Billingslea* case. In this case all three defendants had one common charge, with two of the three also having been charged and tried for a separate offense. We would distinguish the *Billingslea* result here because we believe that the additional armed robbery charge in the instant case did not arise out of an "entirely separate incident". We acknowledge, as did the Court in *Billingslea, supra,* that there does not presently exist any other specific legal authority in Michigan to deal with the precise factual setting presented here. However, in accord with the *Billingslea* panel, we would similarly accept the guidelines and reasoning of Rule 8(b), Federal Rules of Criminal Procedure, 18 USCA, and the several Federal criminal case decisions which have construed and applied said rule to factual settings similar to the one presented here. (70 Mich App at 373, and citations.)

Upon our analysis of the various case authorities cited in *Billingslea, supra,* we would conclude that the charges involved in the case at bench were not only "connected", but in fact, and, based on the trial proofs, were shown to be "substantially connected".

The instant case involves both the joinder of parties and of offenses. This Court recognizes that certain competing considerations arise under said circumstances and require that every case of a like

nature must be analyzed and resolved according to its particular facts. Thus, a balancing procedure is appropriate. On the one hand, there is a possibility of prejudice to a defendant from such joinder; on the other hand, there is the possibility of benefit to the courts, the public, and to the administration of justice from such joinder. *Cf., King v United States,* 355 F2d 700, 704 (CA 1, 1966). Of course, as the degree of "inter-connectedness" between the joined parties and offenses increases, the balance should tip in the direction of the propriety of such joinder.

In the case at bench, the application of these legal rules to the facts persuades this Court that there was present a significant overlapping of issues and evidence at the trial below in relation to the two charges of robbery armed and receiving and concealing stolen property. There was certainly substantial and significant "inter-connectedness" between the parties-defendant, the trial proofs, and the factual and legal bases of the crimes charged. In fact, it can reasonably be inferred from the evidence presented at trial that the two charges constituted a "series of events" within the meaning of the relevant Federal joinder rule (Rule 8[b]), the reasoning of which has been adopted and approved by this Court in the *Billingslea* case. (70 Mich App at 373); *cf., United States v Gentile,* 495 F2d 626, 630 (CA 5, 1974), where the Court stated:

"But when the facts underlying each offense are so closely connected that proof of such facts is necessary to establish each offense, joinder of defendants and offenses is proper. For example, if one person is charged with theft of goods * * * and a second person is charged with receiving goods that were stolen * * * , the two offenders may be joined for trial because the

facts that must be established to support a violation of each offense are basically the same. They form a series of acts or transactions. See *Kitchell v United States,* 354 F2d 715 (CA 1, 1965), *cert den,* 384 US 1011; 86 S Ct 1970; 16 L Ed 2d 1032 (1966); Moore, Federal Practice, ¶ 8.06[2], 8–32 (1965). In this situation joinder of both offenses for trial fulfills the purpose underlying the rule because it avoids duplication of time and effort of both the prosecution and the courts and minimizes the prejudice to the defendants. The government has to prove and the court must listen to the evidence supporting the offenses only once, and the defendants are not prejudiced because essentially the same proof must be established with regard to each defendant whether or not they are jointly or severally tried."

In the instant case, we are presented with an initial stealing (robbery) of goods by two defendants and subsequently a receiving and concealing of said stolen goods by all three defendants. The same stolen jewelry, or evidence relating thereto, which was necessarily involved in the robbery armed charges was also necessarily involved in the receiving and concealing charges. This would have been true even if the charges had not been jointly tried. That is to say, if defendant Slate had been tried separately on the receiving and concealing charge alone in accord with his joinder objection, the prosecution would have still been required to introduce the same evidence in regard to proving the necessary element that said property had been stolen. See *People v Kyllonen,* 66 Mich App 467, 471; 239 NW2d 410 (1976), and citations. Moreover, the prosecution could have, although not required so to do, shown in such subsequent separate trial that defendants Hunter and Thomas had been convicted of having stolen said jewelry. See MCLA 750.536; MSA 28.804; *People v Green,* 246 Mich 65, 67; 224 NW 383 (1929). Thus, the same or

necessarily similar evidence and proofs could properly have been placed against defendant Slate in a separate trial as were actually placed into evidence here at the complained of joint trial. *Cf.,* Clark and Marshall, Crimes (6th ed), § 12.38, pp 861, 862; MCLA 768.27; MSA 28.1050. Under such circumstances, we are not persuaded by defendant Slate that he was prejudiced by the joinder which actually took place. *Billingslea, supra,* 70 Mich App at 374, fn 2; see also: *People v Tobey,* 60 Mich App 420, 426; 231 NW2d 403 (1975), *People v James Watkins,* 60 Mich App 565, 568; 231 NW2d 434 (1975), *People v Scott,* 61 Mich App 91, 95; 232 NW2d 315 (1975).

We would note that the instant case involves a particular factual setting and may itself be distinguishable on that basis. We are concerned here with a breed of criminal transaction involving the "two-phased pattern" of an initial theft of property and the subsequent receipt thereof by another party or parties. Defendant Slate was such a party on the facts of this case. The joinder of parties and offenses was proper; the trial court did not clearly abuse its discretion in allowing such joinder under the circumstances presented. *Cf.,* MCLA 767.75; MSA 28.1015. We would also suggest to bench and bar, in regard to the proper resolution of the same or similar issues in the future, that reference be made to the American Bar Association Standards relating to Joinder and Severance (Approved Draft, 1968), §§ 1.1, 1.2 and Commentary, pp 10–17. We would also point out the existence of several charging-related statutes which deal specially with the crime of receiving and concealing stolen property and its relationship to other kindred felonies such as burglary, larceny, robbery, embezzlement, and obtaining money or property by

false pretenses. See MCLA 767.62–767.69; MSA 28.1002–28.1009, and see especially, MCLA 767.67; MSA 28.1007, which permits receivers of stolen property to be charged with "substantive felonies" in the same charging document even where the "principal felon" is not included therein, implying that joinder of such parties in one charging document is statutorily permitted.

We also believe that the legal principles stated by our Supreme Court in *People v Johns,* 336 Mich 617, 622, 623; 59 NW2d 20 (1953), in relation to the propriety of the joinder of offenses or counts in a single information against one defendant are relevant in terms of analogy to the proper resolution of the related issues occurring in cases similar to the one before us which involve the joinder of both offenses and parties-defendant. Thus, under the *Johns* rationale, joinder must not result in the denial of any substantial rights of the defendant nor in any prejudice to his defense. (336 Mich at 622.) We find the reasoning of the Court in *Johns, supra,* at 623, albeit in a different, but related context, to be instructive and of benefit in analyzing joinder questions such as are presented here:

" '[A]nd in the exercise of this discretion the court will not be governed simply by the question whether several different offenses in point of law are charged and intended to be proved; *but mainly, as a general rule, by the consideration whether the trial of these several offenses would involve the proof of substantially different transactions, and thereby tend to confuse the defendant in his defense, or deprive him of any substantial right. And therefore where the several offenses charged, though distinct in point of law, yet spring out of substantially the same transaction, or are so connected in their facts as to make substantially parts of the same transaction, or connected series of facts, the defendant can not be prejudiced in his defense by the*

*joinder, and the court will neither quash nor compel an election.* Such would seem to be the principle of the general rule to be deduced from the cases. *People v McKinney,* 10 Mich 54, 95 [1862], as quoted with approval in *People v Larco* [331 Mich 420; 49 NW 358 (1951)] *supra.' "* (Emphasis added.) *Cf., People v Andrus,* 331 Mich 535, 540–542; 50 NW2d 310 (1951).

We additionally find that defendant Slate's allegations of prejudice to him resulting from his claim of conflicting defenses in relation to codefendant Hunter, and to statements made at trial by counsel for said codefendant, to be without legal merit based upon an analysis of the trial record. Again, we would note that Michigan law establishes both by statute (MCLA 768.5; MSA 28.1028), and by case law "a strong policy in favor of joint trials", and that for a defendant to sustain a claim of abuse of discretion by a trial court in allowing joinder over the defendant's objection, the defendant must make "an affirmative showing of prejudice to [his] substantial rights". *People v Carroll,* 396 Mich 408, 414; 240 NW2d 722 (1976), citing *Schram, supra.* We find that defendant Slate has not made any such showing in relation to either his primary or secondary joinder assignments of error.

So saying, we therefore affirm the conviction and sentence of defendant-appellant Slate in this cause.

Affirmed.