PEOPLE v COCHRAN

Docket No. 77-2690. Submitted June 6, 1978, at Detroit.—Decided July 17, 1978.

Calvin D. Cochran was convicted in Recorder's Court of Detroit of delivery of heroin, Patricia J. Boyle, J. Defendant appeals contending his joint trial with another defendant who was being tried for an unrelated transaction resulted in manifest injustice. *Held:*

An appellate court will consider alleged error in jointly trying two defendants on unrelated criminal transactions to which no objection was raised at trial only where compelling circumstances make it necessary to prevent a miscarriage of justice.

Affirmed.

CRIMINAL LAW—APPEAL AND ERROR—MANIFEST INJUSTICE—MISCAR-RIAGE OF JUSTICE.

An appellate court will consider alleged error in jointly trying two defendants on unrelated criminal transactions to which no objection was raised at trial only where compelling circumstances make it necessary to prevent a miscarriage of justice.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Timothy Scallen,* Assistant Prosecuting Attorney, for the people.

*Gerald M. Lorence, P. C.,* for defendant on appeal.

Before: BASHARA, P. J., and BRONSON and C. W. SIMON,* JJ.

BRONSON, J. Defendant was convicted of two counts of delivery of heroin, MCL 335.341(a); MSA

REFERENCE FOR POINTS IN HEADNOTE

5 Am Jur 2d, Appeal and Error § 783.

* Circuit judge, sitting on the Court of Appeals by assignment.

18.1070(41)(a), by a jury on March 9, 1977. He appeals of right, raising a single issue.

Defendant was originally charged with both delivery of heroin and conspiracy to deliver heroin. He was tried jointly with an alleged coconspirator, Patricia Flowers, who was also tried on an unrelated count of delivery of heroin. Prior to trial, the conspiracy count was dropped. Defendants were then tried jointly. There was no objection or motion for severance.

On appeal, defendant Cochran argues that the joint trial on unrelated transactions resulted in "manifest injustice", relying on *People v Billingslea,* 70 Mich App 371; 246 NW2d 4 (1976).[1]

Generally, an issue based on alleged error at trial must be preserved by an objection. Absent an objection, appellate review is precluded except in compelling circumstances to avoid a miscarriage of justice. See, *e.g., People v Oliphant,* 399 Mich 472, 501; 250 NW2d 443 (1976). See generally MCL 769.26; MSA 28.1096; GCR 1963, 529.1.

We find no miscarriage of justice in the case at bar. Defendant Cochran was represented by his own attorney. He was aware from the beginning of proceedings that there would be a joint trial. Also, the court and his counsel repeatedly emphasized his separateness from codefendant Flowers.

To the extent *Billingslea* indicates that a joint trial of codefendants on separate offenses is per se reversible error absent an objection, we decline to follow it. As stated above, the general rule in Michigan is that an appellate court will consider error to which no objection was raised only to prevent a miscarriage of justice. *Billingslea* relied on Federal cases under Federal Rules of Criminal Procedure 8(b) in which there *was* an objection or

---

[1] *People v Slate,* 73 Mich App 126; 250 NW2d 572 (1977), cited *Billingslea* with approval. However, in *Slate,* the defendant did object at trial to the joinder. *Id.* at 128.

motion for severance,[2] while apparently ignoring other Federal cases holding that a failure to object to a joint trial precludes appellate review. See, *e.g., United States v Papadakis,* 510 F2d 287 (CA 2, 1975), *United States v Ross,* 464 F2d 1278 (CA 9, 1972), *United States v Del Purgatorio,* 411 F2d 84 (CA 2, 1969), *Cupo v United States,* 359 F2d 990 (CA DC, 1966). We believe the better view is that expressed in those cases and the American Bar Association's Standards Relating to Joinder and Severance (Approved Draft, 1968), § 2.1, and Commentary at 27.[3] *I.e.,* a failure to move for severance precludes appellate review of that issue, except to remedy a miscarriage of justice.

Affirmed.

---

[2] *See, e.g., United States v Bova,* 493 F2d 33, 37 (CA 5, 1974), *Ingram v United States,* 272 F2d 567, 570–571 (CA 4, 1959).

[3] Other sections of the ABA Standards Relating to Joinder and Severance (Approved Draft, 1968), in particular, §§ 1.1, 1.2 and 2.2 have been noted with approval by Michigan courts. *See People v Tobey,* 401 Mich 141, 153 n 17; 257 NW2d 537 (1977), *People v Slate, supra,* at 136.