## PEOPLE v DANDY

Docket No. 48438. Submitted April 23, 1980, at Detroit.—Decided May 23, 1980. Leave to appeal applied for.

Jack L. Dandy was convicted on three counts of receiving or concealing stolen property with a value in excess of $100, Wayne Circuit Court, Roland L. Olzark, J. He appealed. The people moved to affirm, which motion was granted by the Court of Appeals. Subsequently, the Supreme Court reversed and remanded to the Court of Appeals for plenary consideration, 407 Mich 816 (1979). Defendant alleges error in that 1) the trial court gave conflicting instructions to the jury, 2) similar-acts testimony was inadmissible, 3) reference by the prosecutor to a dismissed charge denied him a fair trial, 4) evidence of the stolen nature of the property was insufficient, 5) hearsay evidence was admitted, and 6) evidence of the value of the alleged stolen items was insufficient. *Held:*

1. The trial court erred in instructing the jury as to the nature of a similar-acts witness in also identifying him as an accomplice of the defendant, but such conflicting instructions did not result in manifest injustice.

2. The similar-acts testimony was admissible in that there was no question that defendant participated in the prior acts; they were sufficiently similar to the charged offenses; defendant's knowledge was placed directly in issue; and the probative value of the testimony outweighed its prejudicial effect.

3. Defense counsel failed to object to the prosecutor's references to a dismissed charge at trial, and such remarks did not prejudice the defendant.

4. There was sufficient circumstantial evidence presented at

REFERENCES FOR POINTS IN HEADNOTES

[1] 75 Am Jur 2d, Trial §§ 628, 906, 920.
[2] 75 Am Jur 2d, Trial § 665.
[3] 5 Am Jur 2d, Appeal and Error § 797 *et seq.*
[4] 5 Am Jur 2d, Appeal and Error §§ 786, 797 *et seq.*
[5] 29 Am Jur 2d, Evidence § 387.

trial to allow the trier of fact to find that the property was stolen.

5. Defendant's argument regarding admission of hearsay evidence was not raised below and need not be considered, but its admission was, nonetheless, harmless.

6. The testimony as to the value of the stolen property was sufficient in that it was determined by the price each item would have brought if sold at the time and the locality where it was received by the defendant.

Affirmed.

1. CRIMINAL LAW — CONFLICTING INSTRUCTIONS TO THE JURY — SIMILAR ACTS — ACCOMPLICES — HARMLESS ERROR — FAILURE TO OBJECT — MANIFEST INJUSTICE.

Conflicting instructions to the jury by the trial court that a witness who testified under the similar-acts statute to establish the defendant's guilty knowledge was an accomplice and the jury could convict on the testimony of the witness alone constitutes error; however, reversal is not warranted where defense counsel failed to object to the instructions during trial and the trial court emphasized the necessity of the prosecutor's proving the elements of the crime beyond a reasonable doubt, so that such instructions did not result in manifest injustice.

2. CRIMINAL LAW — NATURE OF TESTIMONY — NECESSITY TO BALANCE — TRIAL COURT — TRIAL RECORD.

Failure of the trial court to balance the probative value against the prejudicial effect of similar-acts testimony prior to admission into evidence does not, alone, require reversal; moreover the trial court is not required to place the balancing process on the record.

3. WITNESSES — SIMILAR-ACTS TESTIMONY — CRIMINAL LAW — DISMISSED CHARGES — UNDUE PREJUDICE.

The fact that a witness referred to a matter pertaining to a dismissed charge while giving similar-acts testimony does not indicate undue prejudice as long as the acts were sufficiently similar.

4. EVIDENCE — HEARSAY TESTIMONY — HARMLESS ERROR — SUPPORT BY COMPETENT TESTIMONY.

Erroneous admission of hearsay testimony is harmless where the same facts are shown by other competent testimony.

5. CRIMINAL LAW — VALUATION OF STOLEN ITEMS — EVIDENCE.

The value of items which are stolen is to be determined during a

criminal trial for receiving or concealing stolen property by the price such items will bring on the open market at the time and the locality where they were received by the defendant.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Frank J. Bernacki,* Assistant Prosecuting Attorney, for the people.

*Bolden & Blake,* for defendant.

Before: V. J. BRENNAN, P.J., and BRONSON and H. E. DEMING,* JJ.

PER CURIAM. The defendant was convicted on three counts of receiving or concealing stolen property with a value in excess of $100, contrary to MCL 750.535; MSA 28.803. The instant appeal is before this Court after the Supreme Court reversed this Court's granting on January 24, 1979, of a motion to affirm.

Testimony at the trial established that the following items were found in or near the garage of the defendant's residence: the cab of a blue 1976 Ford pickup truck (Count I), two doors and the bed (rear portion from the cab to the rear axle) of a red 1970 Ford stake truck (Count II), the cab of a red 1973 Ford pickup truck (Count III), and the front end of a blue 1975 Chevrolet pickup truck (Count IV).

All three owners of the vehicles described in Counts I-III testified that they held title to the trucks and that they were stolen during the winter of 1975-1976. Each identified as his own the vehicles that were found near the defendant's residence. The identification of two of the vehicles was

---

* Circuit judge, sitting on the Court of Appeals by assignment.

further established by certain tele-date tickets that were hidden on the vehicles by the manufacturer. The value of the vehicles was set by an expert witness at $1,200, $250, and $750 for the trucks in Counts I, II, and III, respectively.

On the second day of the trial, the fourth count in the complaint was dismissed on motion of the prosecutor, since the owner of the vehicle was not available to testify at trial.

The defendant, owner of an automobile parts junkyard, testified that he had purchased all of the vehicles. He stated that he had no knowledge that the vehicles were stolen.

Defendant assigns as error the instructions to the jury concerning the testimony of Charles Finney who had testified under the similar acts statute to establish the defendant's guilty knowledge that the automobile parts were stolen. The trial court erroneously instructed the jury that Finney was an accomplice and that they could convict on his testimony alone. While these instructions were error, reversal is not warranted.

Trial counsel failed to object to the instructions, and we do not find that they resulted in manifest injustice as required under GCR 1963, 516.2. See *People v Clemons,* 91 Mich App 68, 73; 282 NW2d 838 (1979). The instructions that Finney was an "accomplice" to the defendant was, if anything, beneficial to the defendant since the court stressed that this testimony should be scrutinized very closely before it could be accorded any weight. The instruction to the effect that the conviction could be based on Finney's testimony alone did erroneously expand the limited scope of this similar acts testimony beyond the restricted purpose of showing the defendant's guilty knowledge. However, the trial court properly instructed the jury

with respect to the limited purpose of Finney's testimony, and the court emphasized that the prosecutor was required to prove all four elements of the charged offenses beyond a reasonable doubt. Any claimed error could have been cured by a timely objection. Based on the above, we conclude that the erroneous instructions did not result in manifest injustice.

Defendant's second contention is that the similar-acts testimony was inadmissible. Charles Finney, the perpetrator of 75 to 100 automobile thefts, testified that he sold stolen automobile parts to the defendant on four or five occasions. Finney described the sale of one vehicle which was contained in the fourth dismissed count of the complaint. Finney stated that the defendant knew that the vehicles were stolen as shown by their confidential discussions concerning the sales and the defendant's statement that he would not buy any cars stolen from his own neighborhood.

Based on the ruling of this Court in *People v Wilkins,* 82 Mich App 260; 266 NW2d 781 (1978), and the more recent Supreme Court decision of *People v Major,* 407 Mich 394; 285 NW2d 660 (1979), we find that the similar-acts testimony was properly admitted. There is no question that the defendant had actually participated in the prior sales. The sales were sufficiently similar to the charged offenses based on the same type of property, the location of the sale, and the same, general time frame for its occurrence. Further, the defendant's knowledge was placed directly in issue since he testified he had no knowledge and no way of knowing that the automobile parts were stolen.

Defendant's main contention on appeal centers on the probative/prejudicial leg of the *Wilkins* test. Defendant argues that the trial court failed to

take into account the prejudicial nature of the testimony. While the record does not indicate whether the trial judge balanced the probative value against the prejudicial effect, this fact alone does not require reversal. The trial court is not required to place this balancing process on the record. *People v Bolden,* 92 Mich App 421; 285 NW2d 210 (1979). Moreover, we find that the probative value did outweigh the prejudicial effect. The testimony did not extend over an inordinate length of time, and the potential for delay was minimal. The striking similarity between the purchases evidenced that the testimony directly tended to prove the defendant's knowledge. The fact sought to be proved was critical to the case, and it could not be readily proved in any other manner. Finally, the testimony of Charles Finney cannot be classified as cumulative.

Defendant argues that the testimony was prejudicial because it tended to implicate the defendant in all of the 75 to 100 thefts by Finney. Yet, Finney testified that his dealings with defendant were restricted to sales on only four or five occasions. There was no testimony to the effect that Dandy was involved in all of the thefts by Finney. The defendant's claim that the testimony was prejudicial because it included the stolen property of a dismissed charge is also without merit. As long as the acts were sufficiently similar, the fact that the witness referred to the stolen property of a dismissed charge does not indicate undue prejudice.

Defendant's third contention that the prosecutor's references to the dismissed charge resulted in the denial of the defendant's right to a fair trial is without merit. The defense counsel failed to object to any remarks by the prosecutor, and we do not

find any miscarriage of justice. See *People v Duncan,* 402 Mich 1; 260 NW2d 58 (1977). In his closing remarks, the prosecutor properly stated that the last count had been dismissed and the reasons therefor. The remarks did not prejudice the defendant.

Defendant's fourth claim of error is that there was insufficient evidence under Count I that the property was stolen because the prosecutor failed to present any testimony by a representative of the insurer, the record owner at the time the property was seized. Even absent any such testimony, we conclude that there was sufficient circumstantial testimony that the property was stolen. The former owner testified that his vehicle was stolen on December 10, 1975. He did not see the truck again until he viewed it in the police yard in March, 1976. The cab portion of the truck was found in the garage of the defendant's residence. The identification plates had been removed, and the defendant could not produce any registration or certificate of title. We conclude that there was sufficient circumstantial evidence at trial so that a rational trier of fact could have found that the property in Count I was stolen. *People v Hampton,* 407 Mich 354; 285 NW2d 284 (1979).

Defendant's fifth claim of error focuses on the admission into evidence of certain tele-date tickets which identified two of the stolen vehicles. Defendant argues that the tickets were improperly admitted into evidence because the prosecutor failed to present any testimony by the maker of the tickets, that is, the manufacturer of the vehicles. Defendant claims that such testimony is mandatory under MRE 803(6).

While we need not address this argument since it was not raised below, *People v Cochran,* 84 Mich

App 710; 270 NW2d 502 (1978), we conclude that any error was harmless. This Court has often stated that the erroneous admission of hearsay testimony is harmless error where the same facts are shown by other competent testimony. *People v Hoerl,* 88 Mich App 693, 702; 278 NW2d 721 (1979), *People v Petrov,* 75 Mich App 532; 255 NW2d 673 (1977). A review of the record indicates that the vehicles were sufficiently identified by the witnesses, so that the tele-date tickets were merely cumulative identification testimony.

Defendant's last claim of error centers on the testimony concerning the value of the stolen property. The value of items that are stolen is to be determined by the price an item will bring on the open market, *People v Tillman,* 59 Mich App 768, 771; 229 NW2d 922 (1975), at the time and the locality where they are received by the defendant. *People v Fishel,* 270 Mich 82; 258 NW 217 (1935). A body shop manager testified that as of July, 1976, the vehicles in Counts I, II, and III were worth $1,200, $250, and $750, respectively. The delay of four months between the time the property was seized and when it was valued does not require reversal on the grounds that there was no evidence that the vehicles were worth more than $100. The four-month delay does not sufficiently discredit the testimony since it is highly unlikely that the vehicles could have significantly appreciated in value over such a short period of time.

The decision of the lower court is affirmed.